Jeffrey S. Gluck (SBN 304555)
jeff@gluckip.com
GLUCK LAW FIRM
16950 Via De Santa Fe
Rancho Santa Fe, California 92067
Telephone: (310) 776-7413

Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAS DRAWLS, LLC, a Georgia Corporation<br><br>Plaintiff,<br><br>v.<br><br>WHALECO, INC., a Delaware Corporation, individually, and doing business as "Temu"; and DOES 1-10,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br>1. Trademark Infringement;<br>2. Unfair Competition under Section 43(a) of The Lanham Act, False Endorsement (15 U.S.C. §1125(a));<br>3. Unfair Competition under California Business and Professions Code §§ 17200, et seq.;<br>4. Unfair Competition under California Common law;<br>5. Relief for Violation of California Civil Code §3344;<br>6. Misappropriation of Likeness under California Common Law;<br>7. Violation of 15 U.S.C.A. § 1114<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through its undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## **INTRODUCTION**

Plaintiff GAS DRAWLS LLC ("Gas Drawls") brings this action against Whaleco Inc., individually and doing business as "Temu" (collectively, "Temu") to seek redress as set forth below.

Temu is widely understood to be one of the most unethical companies operating in today's global marketplace. Its business practices are believed to pose great threats to individuals, marketplaces, and the environment.

Per a complaint recently filed by the State of Nebraska, Temu presents numerous discrete and dramatic risks. It has "flooded the United States with cheap products" and its "app operates as malware" that "unlawfully exfiltrate[s]" sensitive user data, which then "naturally flows to its powerful patron—the Chinese Communist Party."[1] And Temu's "platform fuels a whole host of other harms. The examples are legion: the platform is awash in products infringing copyrights and other intellectual property, Temu engages in "greenwashing," and it has platformed sellers who use forced labor for the production of goods." See id.

On another occasion, a Select Committee has questioned Temu's treatment of its employees and found it virtually guaranteed that Temu has violated U.S. law by sending into the U.S. "products made with forced labor" on a "regular basis."[2] And the Arkansas Attorney General has sued Temu, asserting that it is "a data-theft business" masquerading as an online store, run by "a cadre of former Chinese

---

[1] See https://ago.nebraska.gov/sites/default/files/doc/2025.06.06%20%20-%20Temu%20Complaint%20%28Final%20-%20File%20Stamped%29.pdf (last visited June 16, 2025 at 3:23 pm EST)

[2] https://selectcommitteeontheccp.house.gov/sites/evo-subsites/selectcommitteeontheccp.house.gov/files/evo-media-document/fast-fashion-and-the-uyghur-genocide-interim-findings.pdf

Communist Party officials" that are looking to improperly install malware and spyware on the devices of U.S. citizens. [3] A recent lawsuit also alleges that Temu's entire operation is a scam, with Temu losing "30-50 percent on every U.S. order placed."[4] If all of this wasn't bad enough, Temu's products tend to be toxic, with one recently found to include deadly lead in an amount "more than 11 times the permissible limit."[5] And Temu's approach to intellectual property laws is similarly offensive, with its business notable for its numerous "accusations of copyright infringement." [6] Temu is known to exercise ironclad control over what products are sold on its platform, how much they are sold for and how they are manufactured.[7] Meaning Temu essentially functions as "a vertically integrated manufacturer and retailer," making it even more "vulnerable to claims that it sells pirated products."[8]

Temu's pattern of flouting the law and attempting to exploit the hard work and creativity of others without consent is manifest in the claims at issue here. Temu manufactured and sold a myriad of items that are counterfeit or blatant copies of Plaintiff's artwork, products, trademarks, and intellectual property. Instead of policing its products to guard against infringement, it chooses to profit from sales of such products, in disregard of artist and brand rights. And, should an artist or

---

[3] https://arkansasag.gov/news_releases/attorney-general-griffin-sues-chinese-e-commerce-company-temu-for-deceiving-arkansans-illegally-accessing-their-personal-information/

[4] *Roadget Business Pte. Ltd. v. PDD Holdings, Inc*., CV 1:24-cv-2402 (U.S.D.C. Dist. Columbia 2024)

[5] https://www.lemonde.fr/en/international/article/2024/08/14/shein-and-temu-products-found-to-contain-high-levels-of-toxic-chemicals_6715032_4.html

[6] https://www.uscc.gov/sites/default/files/2023-04/Issue_Brief-Shein_Temu_and_Chinese_E-Commerce.pdf

[7] https://www.theinformation.com/articles/temu-keeps-an-iron-grip-on-suppliers-exposing-itself-to-u-s-ban-threat

[8] https://www.theinformation.com/articles/temu-keeps-an-iron-grip-on-suppliers-exposing-itself-to-u-s-ban-threat

rightsholder seek to hold them to account, they falsely claim to be exempt from liability, invoking 17 U.S.C. § 512 despite failing to qualify for the statute's protections. Temu is liable for such misconduct as follows.

## JURISDICTION AND VENUE

1.    This action arises under Section 39 of the Lanham Act (15 U.S.C. § 1121).

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b) and has supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1367.

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.    Plaintiff, Gas Drawls, LLC ("GAS DRAWLS") is a Georgia corporation with a primary business address at 4290 Bells Ferry Road NW, #106-589, Kennesaw, Georgia, 30144.

5.    Plaintiff is informed and believes and thereon alleges that Defendant, Whaleco Inc. ("Temu"), is a Delaware corporation that claims to have a principal place of business at 31 St. James Avenue, Boston, Massachusetts 02116. Whaleco Inc. d/b/a "Temu" owns and operates an online retail store under the Temu brand at https://www.temu.com. Temu is registered to do business in the state of California with the California Secretary of State and does substantial business in the state.

6.    Upon information and belief, Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's trademark, have contributed to the infringement of Plaintiff's trademark, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names,

1    and will seek leave to amend this Complaint to show their true names and capacities

2    when same have been ascertained.

3          7.    Upon information and belief, Plaintiff is informed and believes and

4    thereon alleges that at all times relevant hereto each of the Defendants was the agent,

5    affiliate, officer, director, manager, principal, alter-ego, and/or employee of the

6    remaining Defendants and was at all times acting within the scope of such agency,

7    affiliation, alter-ego relationship and/or employment; and actively participated in or

8    subsequently ratified and adopted, or both, each and all of the acts or conduct alleged,

9    with full knowledge of all the facts and circumstances, including, but not limited to,

10   full knowledge of each and every violation of Plaintiff's rights and the damages to

11   Plaintiff proximately caused thereby.

12                    **GENERAL FACTUAL ALLEGATIONS**

13         8.    Plaintiff GAS DRAWLS is the owner of the rights to MF DOOM's

14   music library and intellectual property. MF DOOM was an acclaimed rapper with

15   numerous critically acclaimed albums, who was honored in memoriam at the Grammy

16   Awards, was widely recognizable by the iconic mask he would don during

17   performances. GAS DRAWLS owns registered trademarks for "MF DOOM" (*Ser*

18   *Nos. 900687 and 90980685)*, "MF DOOM" written in a graffiti style (*Ser Nos.*

19   *98415028 and 99082478)*, "DOOM" written in a stylized bubble design (*Ser Nos.*

20   *90980606 and 90699969)*, "GAS DRAWLS" *(Ser Nos. 90980628, 90746811, and*

21   *90981411)*,  an illustrated depiction of the mask MF DOOM would wear to preform

22   (*Ser No. 90977406)*, and "DOOM" (*Ser Nos. 90980605 and 90699948). We will refer*

23   to the aforementioned marks collectively as the "Subject Marks" herein.

24

25

26

27

28

| Subject Marks: |
|---|
|  |

9.    The Subject Marks have been damaged by Temu's knowing and systematic marketing and sale of counterfeit versions of the brand's trademark of products bearing counterfeit and/or confusingly and/or virtually identical trademarks. Such product devalues the Subject Marks as well as Plaintiff's proprietary and

licensed products and MF Doom's status in the hip hop milieu. It also creates a false association between MF Doom and Temu. GAS DRAWLS has been forced to bring these claims against Temu to address the foregoing.

10.    Below are non-exclusive exemplars of authentic GAS DRAWLS product bearing the Subject Marks and infringing counterfeits and knockoffs sold by Temu through the Temu website https://www.temu.com ("Temu Online Store") to, on information and belief, customers in California and beyond:

| GAS DRAWL's Product A | Accused Product A |
|---|---|
|  |  |
| GAS DRAWL's Product B | Accused Product B |
|  |  |

11.    Below are additional, non-exclusive exemplars of infringing and/or counterfeit product being offered by Temu on the Temu Online Store:





















17 - COMPLAINT



1

2

**<u>FIRST CLAIM FOR RELIEF</u>**

3

(For Trademark Infringement - Against All Defendants, and Each)

4

5

12.    The aforementioned paragraphs are incorporated herein as if fully set forth.

6

7

8

9

10

11

12

13

14

13.    Daniel Dumile created and started using the mark "MF DOOM" professionally and in connection with his merchandise continuously for at least the last twenty years. A prominent feature of music and other merchandise is the repeated use of a name or image that brands the product and identifies the s the viewer. GAS DRAWLS now owns the relevant marks and has created, distributed, and otherwise created and sold physical and online art and merchandise featuring the Subject Marks. Temu's infringement of GAS DRAWLS' intellectual property rights is stark, pervasive, and willful, as reflected in the comparisons of the items lawfully bearing the Subject Marks and the Temu counterfeits, knock-offs, and copies.

15

16

17

18

19

20

14.    GAS DRAWLS owns the Subject Marks and at no time authorized Temu to exploit the Subject Marks in any manner. Despite this lack of consent, Temu marketed, sold, shipped, processed, payment for, and otherwise facilitated transactions involving infringing and counterfeit copies of one or more of the Subject Marks, including without limitation numerous products bearing confusingly similar copies of one or more of the Subject Marks.

21

22

15.    Temu's unauthorized exploitation of MF DOOM's name and signature aesthetic further violated Plaintiff's trademark and trade dress rights.

23

24

25

26

27

16.    Temu exploited the Subject Marks and MF DOOM'S name, as well as the appearance and aesthetic of the products and artwork, to confuse the public and create a false association and sponsorship between Plaintiff, MF DOOM, Temu, and Temu's products. Temu's products bear knowing replicas of the Subject Marks and

28

caused confusion in the marketplace as to sponsorship and association as well as provenance. Temu's marketing and sales of said products violated the Lanham Act.

17.     GAS DRAWLS has continually used the Subject Marks in connection with the advertising, distribution, and sale of its products and music. The Subject Marks have been a staple of hip hop.

18.     GAS     DRAWLS     operates     and     maintains     a     website, https://gasdrawls.com/collections/shop, at which it sells clothing, records, and merchandise and publishes information about the brand and its products.

19.     GAS DRAWLS' uses of the Subject Marks are readily identifiable by consumers and fans and has grown in popularity over the decades. GAS DRAWLS' use of the Subject Marks to brand their clothing and products has been continuous and extensive and resulted in significant goodwill accruing to the Subject Marks. The use of the word "Doom" or "MF DOOM" or the specific graphic image of a mask in the brand's signature style is an indication that the clothing or accessories is associated with GAS DRAWLS and the use of the Subject Marks are a source identifier for the products and art. GAS DRAWLS does not use the mark simply for ornamental purposes, but to identify their art, brand, company, and product. The Subject Marks have been used to brand this art and merchandise for decades and has been used to such a degree that it indicates to the public that GAS DRAWLS is the source of the product which bears the mark.

20.     GAS DRAWLS is informed and believes and thereon alleges that Temu is a merchandise company that markets, advertises, and merchandise including prints and apparel some of which is of similar and identical style to GAS DRAWLS' products and is aimed and marketed to the same market and demographic. However, Temu offers its products at a far lower price point and a fraction of the quality.

21.     GAS DRAWLS is informed and believes and thereon alleges that after it marketed, advertised, and sold merchandise featuring the Subject Marks, Temu

1  copied the Subject Marks, and/or employed a confusingly similar mark, and
2  incorporated same into Temu's products without GAS DRAWLS's consent.

3      22.    GAS DRAWLS is informed and believes that Temu used their products
4  and the Subject Marks as a template for its own marketing because its products are
5  identical or nearly identical to GAS DRAWLS' and are aimed at the same
6  demographic.

7      23.    Temu has used in commerce marks substantially and confusingly similar
8  to the Subject Marks which have reached considerable notoriety and developed
9  credibility among consumers. GAS DRAWLS' fonts, styles, and aesthetics as used in
10 connection with the Subject Marks, as evidenced by the product exemplars above
11 have resulted in consumer engagement and notoriety. As evidenced by the
12 comparison of exemplars above, Temu distributed and sold products bearing the
13 Subject Marks or marks confusingly similar. Further, Temu markets and advertises
14 its own brand using the same marketing tactics and aesthetics as employed by GAS
15 DRAWLS for years.

16     24.    The comparison of the Subject Marks and Temu's unlawful exploitation
17 of the Subject Marks illustrated above clearly shows the similar nature of the uses and
18 the likelihood it would impact purchasing decisions and confuse the consumer. Temu
19 purposefully acted in a manner that would falsely designate the origin of its use of the
20 Subject Marks on its own products to GAS DRAWLS.

21     25.    The likelihood of consumer confusion increases when you review the
22 online marketplace, where most shopping and purchasing occurs. GAS DRAWLS is
23 informed and believes and thereon alleges that Temu, before committing the acts
24 alleged herein, was aware of GAS DRAWLS' products, stature in the marketplace,
25 and use of the Subject Marks, and accessed the Subject Marks, via GAS DRAWLS's
26 social media accounts and/or online store and then reproduced and incorporated the
27 Subject Marks into Temu products without GAS DRAWLS' consent.

28

26.    The above comparisons make it apparent that Temu unlawfully reproduced, copied, used, or otherwise exploited GAS DRAWLS' products as well as their Subject Marks and have adopted a mark that is substantially and confusingly similar to the Subject Marks.

27.    On information and belief it is alleged that consumers have been confused as to the source of Temu's products and have concluded that GAS DRAWLS is associated with, sponsored, endorsed, or is otherwise affiliated with Temu's products.

28.    GAS DRAWLS, through counsel, advised Temu of the violations of their rights and sought redress for the above violations, but Temu failed to meaningfully respond, necessitating this action.

29. As a direct and proximate result of Temu's wrongful acts, Plaintiff has been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this court.

30.    Plaintiff is informed and believe and based thereon allege that Temu, in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover statutory, punitive, and exemplary damages from Temu, in an amount to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF

(For Unfair Competition under Section 43(a) of the Lanham Act, False Endorsement (15 U.S.C. § 1125(a)) - against all Defendants, Each)

31.    Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32.    Plaintiff's signature and name have secondary meaning, as that term is understood in trademark law. Further, Plaintiff has registered trademarks with the

United States Patent and Trademark Office. As described above, Temu have falsely used artwork reflecting Plaintiff's name and signature on apparel, prints, and other products, creating the false impression that the Plaintiff endorses Temu. Members of the public have come to recognize the Plaintiff's signatures, trademarks, and name as suggestive of the Plaintiff's involvement or endorsement when they are used in commerce. Temu made a calculated and underhanded effort to promote their products and attract customers using the goodwill and recognition that many have come to associate with Plaintiff's name, signature, and registered trademarks, thereby generating revenue for Temu.

33.     On information and belief it is alleged that Temu willfully sought to trade off of and benefit from Plaintiff's brand awareness and goodwill.

34.     The goodwill and reputation associated with Plaintiff's name, signature, and registered trademark are significant throughout the general public. The Plaintiff's name, signature, and registered trademarks are known throughout the United States, the State of California, and the world, as a source of origin for their products, services and endorsements.

35.     Temu's use of the Plaintiff's name, signature, and registered trademarks are designed to create and do create the false and deceptive commercial impression that Temu and their products are associated with and/or endorsed by the Plaintiff. The use by Temu of the Plaintiff's name, signature, artwork, and registered trademarks is likely to cause confusion, mistake, or deception of purchasers as to the Plaintiff's endorsement of the goods.

36.     On information and belief, it is alleged that Temu is offering to sell, selling, and marketing products bearing counterfeit marks, knowing one or more of the marks was registered, with the counterfeit marks being identical with, or substantially indistinguishable from, Plaintiff's marks.

37.     Customers and potential purchasers are likely to be attracted to Temu's goods as a result of the misconduct described herein. Such goods enjoy an elevated standing as a result of a false association with the Plaintiff.

38.     By Temu's conduct alleged here, Temu have wrongfully appropriated for itself business and goodwill value that properly belongs to the Plaintiff and that the Plaintiff has invested time, money, and energy in developing.

39.     By reason of Temu's acts of unfair competition as alleged herein, the Plaintiff has suffered and will continue to suffer substantial damages to their businesses in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

40.     By virtue of Temu's acts hereinabove described, Temu has committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, inter alia, 15 U.S.C. § 1125(a).

41.     Given Temu's sale, offering for sale, and/or distribution of counterfeit goods, it is liable for treble damages, attorneys' fees, and statutory damages of up to $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the court considers just.

42.     Temu's acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to the Plaintiff (as described above) and is likely to continue unabated, thereby causing further damage and irreparable harm to the Plaintiff, and to the goodwill associated with the Plaintiff's valuable and well-known name, signature, artwork, and registered trademarks; and the Plaintiff's business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

43.     The Plaintiff has no adequate remedy at law and will suffer irreparable injury if Temu is allowed to continue to engage in the wrongful conduct herein described.

44.    In committing these acts of unfair competition, Temu acted willfully, wantonly, and recklessly; and with conscious disregard for the Plaintiff's rights. The Plaintiff is therefore entitled to actual and statutory damages as allowed by law.

### THIRD CLAIM FOR RELIEF

(For Unfair Competition under California Business and Professions Code §§ 17200, et seq.- against all Defendants, Each)

45.    Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

46.    Temu, by means of the conduct described above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 through 17203. These acts and practices undertaken by Temu violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Temu seeks to deceive consumers regarding Temu's association with Plaintiff, and (b) the general public and trade is likely to be confused regarding the business relationship between the Plaintiff and Temu. Further, without limiting the generality of the foregoing, the harm to the Plaintiff and to members of the general public far outweighs the utility of Temu's practices and, consequently, Temu's practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200.

47.    The Plaintiff has sustained, and will continue to sustain, serious and irreparable injury to their businesses and reputation, as a direct and proximate result of Temu's conduct (as described above). Unless Temu is enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which the Plaintiff is without an adequate remedy at law. Accordingly, the Plaintiff is entitled to a preliminary injunction and

permanent injunction against Temu and its officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

48.    As a direct result of Temu's unlawful, unfair, fraudulent, and deceptive business practices, Temu has received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and the Plaintiff is entitled to disgorgement of such funds wrongfully obtained.

49.    By reason of Temu's acts of unfair competition as alleged herein, the Plaintiff has suffered and will continue to suffer substantial damage to their businesses in the form of loss of profits, and a dilution in the value of their rights and reputations, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

50.    The Plaintiff is also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

51.    In committing these acts of unfair competition, Temu acted willfully, wantonly, and recklessly; and with conscious disregard for the Plaintiff's rights. The Plaintiff is therefore entitled to actual and statutory damages as allowed by law.

52.    Temu's conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to the Plaintiff's valuable business relationships and consumer relations and will require the Plaintiff to undertake efforts to mitigate damage to such relations, all to the Plaintiff's detriment.  Further, such mitigation costs will require substantial time, effort, and expenditures by the Plaintiff, all to the Plaintiff's detriment.

1

**FOURTH CLAIM FOR RELIEF**

2

(For Unfair Competition under California Common Law- against all Defendants,

3

Each)

4      53.    Plaintiff incorporates by this reference all paragraphs of this Complaint

5  as if set forth in full in this cause of action.

6      54.    Plaintiff alleges on information and belief that any association or

7  implied relationship or sponsorship between Plaintiff, Plaintiff's marks, and the

8  Temu marketplace constitutes unfair competition at it will tarnish and devalue

9  Plaintiff's marks because not only is Temu subject to allegations of egregious and

10  horrific business practices, but it regularly stocks, markets, and sells products that

11  shock the conscious, including without limitation those set forth below, which

12  reflect Temu's conduct and complicity in directly marketing and selling product

13  endorsing homophobia, inciting violence, and violent criminal gang activity:

14

**Temu Product Exemplars:**

15



16

17

18

19

20

21

22

23

24

25

26

27

28

55.     The Temu conduct described above as well as in all preceding paragraphs of this Complaint constitutes unfair competition under the common law of the State of California. As a result of Temu's actions, the Plaintiff has been damaged in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

(For Violation of California Civil Code § 3344 & 3344.1 - against all Defendants, Each)

56.     Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

57.     California Civil Code § 3344., which applies when an individual is deceased, "a person who uses a deceased personality's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from" said person "shall be liable for any damages sustained by the person or persons injured as a result thereof."

58.     Defendants used Plaintiff's name, likeness, and signature on products and advertising. Such use was unequivocally and directly for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods, or services by Temu, such that prior consent was required.

59.     As a direct and proximate result of Temu's wrongful acts, Plaintiff has been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this court.

60.     Plaintiff is informed and believe and based thereon allege that Temu, in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff.

By reason thereof, Plaintiff is entitled to recover statutory, punitive, and exemplary damages from Temu, in an amount to be determined at the time of trial.

61.    Plaintiff seeks actual, statutory, and punitive damages under this section, as well as its costs and attorneys' fees. Its also seek a preliminary and permanent injunction to prohibit Temu from any further use of the name or persona at issue in commercie.

## SIXTH CLAIM FOR RELIEF

(For Misappropriation of Likeness under California Common Law - against all Defendants, Each)

62.    Plaintiff incorporates by this reference all paragraphs of this Complaint as if set forth in full in this cause of action.

63.    Temu's conduct alleged above, constitutes a violation of the Plaintiff's common law rights of publicity and privacy, because Temu knowingly used Plaintiff's name and signature for their advantage and without authorization.

64.    Plaintiff is informed and believe and based thereon allege that Temu in committing the above-described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Temu in an amount to be determined at the time of trial.

65.    Plaintiff also seeks a preliminary and permanent injunction to prohibit Temu from any further use of Plaintiff's name and signature for Temu's advantage. They also seek actual damages.

## SEVENTH CLAIM FOR RELIEF

(For Violation of 15 U.S.C.A. § 1114 - against all Defendants, Each)

66.    Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

67.    Per 15 U.S.C.A. § 1114 any person that, without the consent of the trademark registrant, "use[s] in commerce any reproduction, counterfeit, copy... a registered mark in connection with the sale, offering for sale... or advertising of any goods... with which such use is likely to cause confusion, or to cause mistake, or deceive" consumers shall be liable in a civil action brought by the registrant. Temu's apparel and goods offered for sale contain counterfeits of Plaintiff's trademarks and are likely to cause confusion, mistake or deception on consumers.

68.    As alleged above, Temu counterfeited Plaintiff's trademarks by reproducing their protected intellectual property on goods and apparel. Temu then placed these goods and apparel with identical marks for sale on their e-commerce website.

69.    Similarly, and alleged above, Temu exploited Plaintiff's trademarks in the advertising of the counterfeit goods in order to confuse consumers. Temu intentionally marked and advertised the counterfeited goods under the corresponding mark in order to deceive consumers or cause consumers to confuse or mistake the counterfeited goods with the true and authentic marks.

70.    Temu used in commerce counterfeit or copied registered marks in connection with the sale of goods that is likely to cause confusion without the consent or authorization of Plaintiff. Temu's conduct violates 15 U.S.C.A. Section 1114.

71.    On information and belief, Temu's use of the trademarks in connection with the sale of goods was done with the knowledge and intent to cause confusion, mistake, or to deceive consumers.

72.    Plaintiff has sustained significant injury and monetary damages as a result of Temu's wrongful acts as alleged above. Plaintiff is at present unable to ascertain the full extent of the monetary damages they have suffered by reason of said acts.

73.    15 U.S.C.A. Section 1117 provides recovery for the violation of rights of the registrant of a mark registered with the Patent and Trademark Office. Section

1117(a) provides remedies for willful violations, including recovery of (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. Subsection (b)(1) provides for treble damages if the violation consists of "intentional use of the mark, knowing such mark or designation is counterfeit mark... in connection with the sale, offering for sale..." Additionally, subsection (c) provides a remedy for statutory damages in connection to the sale of counterfeit marks in the amount of (1) "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale... as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

74.     Temu's use of the counterfeit marks was willful, and with the knowledge and intent to confuse, mistake and/or deceive consumers into purchasing the knock-off goods.

75.     Plaintiff has been injured and will continue to suffer injury because of Temu's violations of 17 U.S.C.A. Section 1114 and is entitled to Temu's profits, treble, and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Temu as follows:

1.     That Plaintiff is awarded all damages, including actual, statutory, punitive, and future damages that are due to the acts complained of herein, subject to proof at trial;

2.     That Plaintiff is awarded their costs and expenses in this action;

3.     That Plaintiff is awarded their attorneys' fees;

4.     For an order permanently enjoining Temu and its employees, agents, servants, attorneys, representatives, successors, and assigns, and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5.      That Temu be ordered to immediately recall and remove all subject advertisements from all remaining locations, physical or digital;

6.      That Temu be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7.      For disgorgement of all proceeds, and restitution of the monies wrongfully received by Temu as the result of their wrongful conduct, and for the entry of a constructive trust over all such proceeds to be then tendered to Plaintiff;

8.      That Plaintiff be awarded statutory, actual, treble, and exemplary damages, including without limitation as available under the Lanham Act, and 15 U.S.C.A. § 1114;

9.      That Plaintiff is awarded punitive damages in an amount sufficient to deter Temu from their wrongful conduct; and

10.     For further relief, as the Court may deem appropriate.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                        Respectfully submitted,


Dated: August 11, 2025          By:     /s/ Scott Alan Burroughs
                                        Scott Alan Burroughs, Esq.
                                        Andres Navarro, Esq.
                                        DONIGER / BURROUGHS
                                        Attorneys for Plaintiff

                                By:     /s/ Jeff S. Gluck
                                        Jeffrey S. Gluck, Esq.
                                        GLUCK LAW FIRM
                                        Attorneys for Plaintiff