1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15

| | |
|---|---|
| GAS DRAWLS, LLC<br><br>           Plaintiff(s),<br><br>v.<br><br>WHALECO, INC., et al.<br><br>           Defendant(s). | Case No. 2:25−cv−07425−SB−BFM<br><br>**MANDATORY SCHEDULING CONFERENCE (MSC) ORDER**<br><br>**[Updated 03/1/24]**<br><br>**Date:**          **October 17, 2025**<br><br>**Time:**          **8:30 a.m.**<br><br>**Courtroom:**   **6C** |

16
17

**READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE AND DIFFERS IN PART FROM THE LOCAL RULES. FAILURE TO COMPLY MAY RESULT IN SANCTIONS**

18
19
20
21

This case has been assigned to Judge Stanley Blumenfeld, Jr. and is set for a scheduling conference pursuant to Fed. R. Civ. P. 16(b) on the above date in Courtroom 6C of the First Street Courthouse, 350 West First Street, Los Angeles, CA, 90012.

22
23
24
25
26
27

**TABLE OF CONTENTS**

1.    **Preliminary Matters**

2.    **Mandatory Scheduling Conference (MSC)**

3.    **Joint 26(f) Report**

4.    **Case Management Order (CMO)**

28

1. **<u>PRELIMINARY MATTERS</u>**

    a. **Self-Represented Parties**.  Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* L.R. 1-3, 83-2.2.3. "Counsel," as used in this order, includes parties appearing pro se.

    b. **Notice to be Provided by Counsel**.  The plaintiff's counsel or, if the plaintiff is appearing pro se, defense counsel, shall provide this Order to all known parties who have not yet appeared or who appear after the date of this Order.

    c. **Court's Website**.  This and all other applicable standing orders in this case are available on Judge Blumenfeld's webpage (https://www.cacd.uscourts.gov/honorable-stanley-blumenfeld-jr). The Local Rules are available on the Central District of California website (https://www.cacd.uscourts.gov/court-procedures/local-rules).

    d. **Pleadings**.  If the plaintiff has not previously served the operative complaint on all defendants, the plaintiff shall promptly do so and file proof(s) of serve and file a responsive pleading and file proof of service within 3 days thereafter. At the scheduling conference, the Court will set a deadline–usually within approximately 60 days–for hearing motions to amend the pleadings or add parties (including Doe defendants).

    e. **Disclosures and Discovery**.  The parties are reminded of their obligations to (i) confer on a discovery plan at least 21 days before the scheduling conference and (ii) make initial disclosures within 14 days after the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C) & (f). The Court encourages counsel to agree to make their initial disclosures and commence discovery *before* the scheduling conference, because the Court will impose strict deadlines to complete discovery in the case management order.

1    **2.    <u>MANDATORY SCHEDULING CONFERENCE (MSC)</u>**

2        **a.    Continuance**.  A request to continue the scheduling conference will be

3            granted only for good cause. The parties should plant to file the joint

4            Rule 26(f) report on the original due date even if a continuance of the

5            MSC is granted. The Court will not continue the MSC to allow the

6            parties to explore settlement.

7        **b.    Participation**.  Lead trial counsel must attend the scheduling conference,

8            unless excused by the Court for good cause shown in a declaration

9            attached to the report. The Court often explores factual and legal issues

10            at the MSC, and counsel should be prepared to address all aspects of the

11            case.

12        **c.    Remote Appearances**.  Remote appearances are not permitted except for

13            good cause shown *in a declaration attached to the report*. Instructions

14            for remote appearance can be found on Judge Blumenfeld's webpage.

15            Counsel appearing remotely are responsible for ensuring that their

16            equipment and the internet connection in the location from which they

17            will be participating are reliable and adequate for uninterrupted video

18            participation.

19    **3.    <u>JOINT RULE 26(F) REPORT</u>**

20        **a.    Due Date**.  File the joint Rule 26(f) report *no later than <u>10 days</u>*

21            before the scheduling conference. An order to show cause will issue if

22            the report is not timely filed.

23        **b.    Jointly Filed**.  The plaintiff shall draft the report–unless the plaintiff is

24            self-represented and not a lawyer or the parties agree otherwise–but it

25            shall be jointly signed and filed (i.e., a single report submitted by all

26            parties).

27        **c.    Format and Contents**.  The Court requires strict compliance with its

28            requirements for both the format and contents of the report. Under the

title in the caption, *list the dates* of: the Original Complaint; Removal (if removed); Responsive Pleading; and Trial (Proposed). The report then shall set forth the following information *using numbered section headings and lettered sub-headings that correspond precisely to those below*:

**(1)    Subject Matter Jurisdiction**.  State the basis of federal jurisdiction, including supplemental jurisdiction. For federal question jurisdiction, cite the federal law under which the claim arises. For diversity jurisdiction, state each party's citizenship (including the citizenship of each member of a limited liability company and each partner of a partnership) and the amount in controversy. State whether the parties agree that federal jurisdiction exists and identify the basis for any disagreements.

**(2)    Statement of the Case**.  A short synopsis of the facts, the main claims, counterclaims, affirmative defenses, and procedural history (including any related case).

**(3)    Damages/Insurance**.

   a. *Damages*.  The realistic range of provable damages.

   b. *Insurance*.  Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

**(4)    Parties, Evidence, etc**.  A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

**(5)    Discovery**.

   a. *Status of Discovery*.  A discussion of the present state of discovery, including a summary of completed discovery.

b. *Discovery Plan*. A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). A general statement to the effect that discovery will be conducted on all claims and defenses will result in the case being deemed of low-level complexity.

**(6)** **Legal Issues**.  A brief description of all key legal issues, including any significant procedural, substantive, or evidentiary issues.

**(7)** **Motions**.

a. *Procedural Motions*.  A statement of the likelihood of motions to add other parties or claims, file amended pleadings, transfer venue, etc.

b. *Dispositive Motions*.  A description of the issues or claims that any party believes may be determined by motion to dismiss or motion for motion for summary judgment.

c. *Class Certification Motion*.  For a putative class action, the Court shall set a deadline for hearing the class certification motion. The parties must act diligently and begin discovery immediately, because the motion must be filed no later than 120 days from the date *originally* set for the scheduling conference, unless the Court orders otherwise. Any request for additional time beyond the 120 days must be supported by a detailed "Class Certification Plan"–attached as an exhibit at the end of the report–showing all anticipated activity and the corresponding date for each activity, up to the hearing on the motion. *The failure to provide the Class Certification Plan will result in the denial of additional time.*

**(8)** **Alternative Dispute Resolution (ADR)**.

a. *Prior Discussions*.  A description of any prior oral or written settlement discussions (without stating the terms).

b. *ADR Selection.* The parties shall state their preference for mediation before: the magistrate judge (ADR-1), the court mediation panel (ADR-2), or a private mediator (at the parties' expense) (ADR-3). Failure to state a preference shall be construed as authorizing the Court to select ADR-3. Participation in ADR by all parties, including an officer with full settlement authority for corporate parties, is mandatory.

**(9)** **Trial**.

a. *Proposed Trial Date*. The trial date is set within a prescribed period from the *original* due date of the initial responsive pleading.

- The period depends on the level of factual and legal complexity:

  Low Level: 4-6 Months (e.g., ADA, Lemon Law, and personal injury cases);

  Medium Level: 7-12 Months (e.g., civil rights, contract, trademark, copyright, and employment cases); and

  High Level: 12-18 Months (e.g., complex antitrust, RICO, or securities class actions).

- The parties must justify the proposed trial date, even if it is a joint request, as the strength of the justification rather than the fact of agreement, case type, or a lawyer's trial schedule will dictate the trial setting. The strength of the justification will be determined by the detailed information provided in completing the sections above along with the explanation in Section 9.

- A case will be deemed to be of low-level complexity absent detailed justification for the proposed trial date.

b. *Time Estimate*. A realistic estimate of the number of court days required for trial, specifying the number of witnesses each party contemplates calling. If the time estimate exceeds four days, counsel should justify in sufficient detail the basis for the estimate.

c. *Jury or Court Trial*. Specify whether trial will be by jury or by court. The default will be a court trial if the parties fail to specify.

d. *Magistrate Judge*. Whether the parties consent to having a magistrate judge preside for all purposes, including trial. The parties may choose any magistrate judge on the Voluntary Consent List found on the Central District website. If the parties consent, they should contact the courtroom deputy of the selected magistrate judge to confirm his or her availability and, upon confirmation, promptly file a "Notice of Lodging of Consent" along with Form CV-11D (*Statement of Consent to Proceed Before a United States Magistrate Judge*) attached thereto. If the parties file the consent form at least three days before the MSC, the Court typically will refer the case to the magistrate judge and vacate the MSC.

e. *Trial Counsel*. The names of the attorneys who will try the case and their respective roles.

(10) **Special Requests/Other Issues**.

If there are no special requests or other issues (such as those noted below), answer "None" for Section 10 of the Report.

a. *Independent Expert or Master*. Whether the Court should consider appointing a master (Fed. R. Civ. P. 53) or an independent expert (if the case involves substantial discovery

disputes, complex scientific issues for the bench, etc.).

      b. *Manual for Complex Litigation Procedures*.  Whether these procedures should be used in whole or part.

      c. *Other Issues*.  A statement of any other issues affecting case management−e.g., unusually complex technical issues, discovery in foreign jurisdiction(s), protective-order disputes, accommodation needs (interpreters, ADA requests, etc.), and any proposed ordering of proof (severance, bifurcation, etc.).

    **d.**    **ERISA Cases Involving Benefit Claims**.  The parties need not file a joint Rule 26(f) report. Instead, they shall file a joint report that sets forth: (1) the facts and legal issues in the case; (2) the status of settlement discussions and the selected form of alternative dispute resolution (ADR-1, ADR-2, or ADR-3); and (3) any special issues that should be considered. The parties should proceed with the preparation of the administrative record and briefing without delay upon service of the complaint. A court trial, ordinarily limited to oral argument on the administrative record, will be scheduled *within six months* from the filing of the original complaint, unless good cause for additional time is shown in the status report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

**4.**    <u>**CASE MANAGEMENT ORDER (CMO)**</u>

    **a.**    **Continuances**.  The CMO deadlines will *not* be continued absent a *timely* showing of *good cause* presented in a Word document along with a proposed order delivered to Judge Blumenfeld's email (SB_Chambers@cacd.uscourts.gov). The Court applies the same standard of good cause to all extension requests−whether opposed, unopposed or jointly requested.

**(1)    Good cause**.  Good cause requires a specific, detailed, and non-conclusory showing of diligence from the outset of the case, describing: (1) all relevant work previously done (including when each item was completed), (2) all relevant work that remains to be done, (3) why the remaining work could not previously have been done (including efforts made to complete each remaining item), and (4) why the amount of time requested is needed to complete the remaining work. This information *must* be provided in table form contained in the attachment to the CMO.

**(2)    Diligence**.  Diligence generally will not be found when a party opts for strategic staging of discovery (or other tasks) or for in-person deposition that prevents completion within the existing deadline. The parties should plan to complete discovery far enough in advance of the discovery deadline to allow for both the filing of a discovery motion if necessary and the completion of any court-ordered discovery. Moreover, a desire to engage in settlement discussions generally does not constitute good cause to extend discovery deadlines. The parties are strongly encouraged to agree to exchange initial disclosures promptly and to actively commence discovery before the MSC.

**(3)    Proposed Order**.  The parties must complete and submit the CMO Extension Order Template on Judge Blumenfeld's webpage under "Orders & Additional Documents" at the bottom of the webpage. Please follow the highlighted directions at the end of the document. File the Proposed Order and submit an electronic Word copy to Judge Blumenfeld's Chambers email. Failure to use and properly submit the CMO Extension template will result in the striking or summary denial of the request.

(4) **Denied with Prejudice**.  Denial of an extension request, including summary denial, is *with prejudice*. The parties should therefore present all available information showing that the outstanding discovery or other litigation tasks cannot be completed within the existing deadlines despite all reasonable diligence from the outset of the case. A party is *not* permitted to resubmit a denied extension request with information that was either previously submitted or previously available.

\*        \*        \*

*Failure to comply with the procedural requirements* above–including the use and proper submission of the table in the attachment to the CMO and the CMO Extension template–may result in the extension request being stricken or summarily denied. An improper resubmission of a denied extension request may result in sanctions.

b.   **Motion Deadlines**.  All hearing deadlines reflect *the last day when a motion may be heard,* and a hearing must be set on *an open hearing date*. Hearing dates are closed at least four weeks in advance and may be closed earlier depending on the volume of motions scheduled. Consult JudgeBlumenfeld's webpage before scheduling a hearing to determine availability. A party that waits until the last day to have a motion heard risks having the motion stricken and deemed untimely if the motion is set on a date that turns out to be unavailable or is otherwise deficient. *Do not wait until the last minute to file*.

c.   **Juvenile Records**.  If the parties intend to seek juvenile court records related to this case, they shall take steps *immediately* to obtain them – including filing any petition or application in the relevant court. The failure to take immediate action will be considered a lack of diligence and likely will result in the denial of a request to extend a deadline based

10

1  on the need for juvenile records. To the extent that the parties seek

2  additional time for discovery because of the asserted need for juvenile

3  records, they shall provide a table in the joint Rule 26(f) report

4  identifying each allegation in the complaint that requires discovery of

5  juvenile records, and *for each such allegation* they shall (a) identify the

6  relevant juvenile records, (b) describe the relevance of the juvenile

7  records to the allegation (and to the related claim or defense), and

8  (c) state and explain whether (and the extent to which) the parties can

9  obtain discovery about the allegation by means other than a review of the

10  juvenile records. Absent a sufficient showing of need, the parties

11  should not expect additional time to complete discovery because of a

12  purported need for juvenile records. An incomplete table, or conclusory

13  assertions of need, shall be deemed insufficient. The parties act at their

14  peril if they elect to delay taking discovery until they receive juvenile

15  records when they reasonably could be expected to do otherwise.

16  **d.**  **Protective Orders**.  If the parties believe that the production of certain

17  evidence in this case requires a protective order, they shall promptly take

18  steps to agree on appropriate terms or, if necessary, seek relief from the

19  magistrate judge. The parties should not expect the Court to find that

20  they have been diligent or to allow additional time to complete discovery

21  if they delay obtaining a protective order and then wait to seek or

22  produce discovery until the protective order is in place.

Date:  September 8, 2025

_____

Stanley Blumenfeld, Jr.
United States District Judge