Matthew S. Bellinger (SBN 222,228)
matt.bellinger@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404

Hans L. Mayer (SBN 291,998)
hans.mayer@knobbe.com
Melis Tirhi (SBN 351,604)
melis.tirhi@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR LLP
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Phone: (310) 551-3450

*Attorneys for Defendant,*
Whaleco, Inc., d/b/a Temu

Nicholas A. Belair (SBN 295,380)
nick.belair@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR LLP
333 Bush St., 21st Fl.
San Francisco, CA 94104
Phone: (415) 217-8399

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

GAS DRAWLS, LLC,

　　　　Plaintiff,

　　v.

WHALECO, INC., D/B/A TEMU;
and DOES 1-10,

　　　　Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:25−cv−07425-SB (BFMx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE**

Hearing Date: November 14, 2025
Time: 8:30 a.m.
Courtroom: 6C
Judge: Hon. Stanley Blumenfeld, Jr.

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTION .................................................................................... 1

II.  STATEMENT OF FACTS ...................................................................... 2

III. LEGAL STANDARD ............................................................................ 4

IV.  ARGUMENT ......................................................................................... 4

    A.   Gas Drawls Fails to State a Claim for Trademark Infringement .......................................................................... 4

        1.   Gas Drawls Fails to Plausibly Plead Use in Commerce ................................................................ 5

            a.   The Court Should Not Accept Gas Drawls' Contradictory Allegations .......................... 5

            b.   Temu is an Online Sales Platform and Is Not Liable for any Alleged Infringement ................. 7

            c.   Gas Drawls' Remaining Allegations are Conclusory and Devoid of Factual Support .............. 8

        2.   Gas Drawls Fails to Plausibly Plead a Likelihood of Confusion ................................................................ 10

    B.   Gas Drawls Fails to State a Claim for Misappropriation of Likeness .................................................................. 12

        1.   Gas Drawls' Common Law Claim Fails as a Matter of Law .............................................................. 12

        2.   Gas Drawls Fails to Allege Standing to Assert a § 3344.1 Claim .................................................. 12

        3.   Gas Drawls Fails to Plausibly Plead a § 3344.1 Claim .................................................................... 13

        4.   Gas Drawls' Likeness Pleading Fails To Give Meaningful Notice Of Its Claim .......................... 16

    C.   Gas Drawls Fails to State a Claim for Unfair Competition ......................................................................... 16

        1.   Gas Drawls' Statutory Unfair Competition Claim (Third Claim for Relief) Fails for the Same Reasons as its Trademark Infringement Claims ................. 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS
### (*cont'd*)

**Page No.**

2.    Gas Drawls Fails to Plausibly Plead a Common Law Unfair Competition Claim (Fourth Claim for Relief) ...................................................................19

D.    The Communications Decency Act (47 U.S.C. § 230) Bars Gas Drawls' State Law Claims.............................................20

E.    The Court Should Strike Gas Drawls' Irrelevant and Inflammatory Allegations under Fed. R. Civ. P. 12(f) .................21

V.    CONCLUSION ........................................................................23

# TABLE OF AUTHORITIES

**Page No(s).**

*In re 2TheMart.com Securities Litigation*,
   114 F.Supp.2d 955 (C.D. Cal. July 17, 2000)...............................................21

*Altinex Inc. v. Alibaba.com Hong Kong Ltd.*,
   No. SACV1301545JVSRNBX, 2016 WL 6822235
   (C.D. Cal. Mar. 25, 2016)...............................................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................4, 9, 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................4

*Bragg Live Food Prods., LLC v. Nat'l Fruit Prod. Co.*,
   No. 2:22-CV-00584-SB-SK, 2022 WL 3574423
   (C.D. Cal. July 22, 2022)..............................................................................19

*Cairns v. Franklin Mint Co.*,
   292 F.3d 1139 (9th Cir. 2002)...............................................................14, 15

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163, 973 P.2d 527 (1999) ..........................................................17

*Cleary v. News Corp.*,
   30 F.3d 1255 (9th Cir. 1994) ........................................................................17

*Dr. Seuss Enters., L.P. v. ComicMix LLC*,
   300 F. Supp. 3d 1073 (S.D. Cal. 2017) ........................................................17

*Est. of Fuller v. Maxfield & Oberton Holdings, LLC*,
   906 F. Supp. 2d 997 (N.D. Cal. 2012) ..........................................................12

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir.1993).........................................................................21

*Free Kick Master LLC v. Apple Inc.*,
   140 F. Supp. 3d 975 (N.D. Cal. 2015) ...............................................10, 20, 21

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ......................................................................17

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal.4th 1134 (2023)..................................................................................19

*Kwikset Corp. v. Superior Ct.*,
   51 Cal. 4th 310 (2011).................................................................................18

**TABLE OF AUTHORITIES**
*(cont'd)*

Page No(s).

*Lee v. City of Los Angeles,*
250 F.3d 668 (9th Cir. 2001) .......................................................................... 14

*Lucasfilm Ltd. v. Ren Ventures Ltd.,*
2018 WL 2392963 (N.D. Cal. Apr. 24, 2018) ............................................... 17

*MaiBo v. WhaleCo, Inc.,*
No. 23 C 2793, 2024 WL 1859730 (N.D. Ill. Apr. 29, 2024) ....................... 10

*Marco Bicego S.P.A. v. Kantis,*
No. 17-CV-00927-SI, 2017 WL 2651985
(N.D. Cal. June 20, 2017) ............................................................................... 18

*McGurr v. N. Face Apparel Corp.,*
No. 221CV00269SBPDX, 2021 WL 4706984
(C.D. Cal. Aug. 27, 2021) ................................................................................. 4

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.,*
568 F. Supp. 2d 1152 (C.D. Cal. 2008) ......................................................... 14

*Mireskandari v. Daily Mail & Gen. Tr. PLC,*
No. CV1202943MMMFFMX, 2013 WL 12129642
(C.D. Cal. July 31, 2013) .......................................................................... 21, 22

*Perfect 10, Inc. v. CCBill LLC,*
488 F.3d 1102 (9th Cir. 2007) ....................................................................... 20

*Perfect 10, Inc. v. Giganews, Inc.,*
No. CV11-07098 AHM SHX, 2013 WL 2109963
(C.D. Cal. Mar. 8, 2013) ........................................................................... 20, 21

*Roffman v. Rebbl, Inc.,*
653 F. Supp. 3d 723 (N.D. Cal. 2023) ........................................................... 18

*Scott & Addison, LLC v. Pinkblush.com,*
No. 8:20-CV-01160-SB-DFM, 2021 WL 3579413
(C.D. Cal. Apr. 5, 2021) ................................................................................... 4

*Shenzhen Kangmingcheng Tech. Co. v. PDD Holdings Inc.,*
No. 1:23-CV-02697, 2024 WL 5221272
(N.D. Ill. Dec. 23, 2024) ............................................................................. 5, 10

*Steckman v. Hart Brewing, Inc.,*
143 F.3d 1293 (9th Cir. 1998) ...................................................................... 4, 5

# TABLE OF AUTHORITIES
*(cont'd)*

**Page No(s).**

*Survivor Prods. LLC v. Fox Broad. Co.*,
   No. CV01-3234 LGB (SHX), 2001 WL 35829267
   (C.D. Cal. June 12, 2001)................................................................22, 23

*Thomspon v. Alapatt, et al.*,
   No. 2:23-cv-08966-DSF-E,
   (C.D. Cal.) ...........................................................................................14

*Tiffany (NJ) Inc. v. eBay, Inc.*,
   600 F.3d 93 (2d Cir. 2010) ...................................................................8

*Tre Milano, LLC v. Amazon.com, Inc.*,
   No. B234753, 2012 WL 3594380 (Cal. Ct. App. Aug. 22, 2012) ................8

*Upper Deck Co. v. Flores*,
   569 F. Supp. 3d 1050 (S.D. Cal. 2021) ..............................................13

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010)................................................................22

*Wong v. Arlo Techs., Inc.*,
   No. 19-CV-00372-BLF, 2019 WL 7834762
   (N.D. Cal. Dec. 19, 2019)......................................................................3

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ..................................................................3

*Y.Y.G.M. SA v. Redbubble, Inc.*,
   2020 WL 3984528 (C.D. Cal. July 10, 2020) .........................................8

*YZ Prods., Inc. v. Redbubble, Inc.*,
   545 F. Supp. 3d 756 (N.D. Cal. 2021) .................................................21

## OTHER AUTHORITIES

15 U.S.C. § 1114....................................................................4, 10, 11

15 U.S.C. § 1117..............................................................................12

15 U.S.C. § 1125.................................................................................4

47 U.S.C. § 230....................................................................2, 20, 21

Cal. Bus. & Prof. Code § 17200........................................16, 17, 18

Cal. Civ. Code § 3344 & 3344.1 .................................................*passim*

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

Fed. R. Civ. P. 9 ............................................................................. 17

Fed. R. Civ. P. 12 ................................................................... 1, 3, 21

Fed. R. Evid. 201 ............................................................................ 14

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and (f), Defendant Whaleco, Inc. ("Temu") submits this Memorandum in support of its Motion to dismiss the Complaint of Plaintiff Gas Drawls, LLC ("Gas Drawls") or, alternatively, to strike portions of the Complaint.

## I. **INTRODUCTION**

Gas Drawls initiated this action against Temu for listing and selling allegedly infringing products through the Temu.com website. However, Gas Drawls' Complaint suffers from a fundamental problem: it fails to plead any plausible facts supporting its conclusory allegation that Temu—rather than independent third-party sellers—made, sold, and shipped the allegedly infringing products.

Indeed, the Complaint's screenshots and cited sources fatally undermine Gas Drawls' infringement theory. None of the blurry and misleadingly cropped screenshots of the product listings included in the Complaint identify *Temu* as the party that made or sold the products. Had Gas Drawls included complete screenshots of the product listings, the listings would have identified that *third-party sellers* were responsible for creating and selling the products. The Complaint also includes other allegations and cites to articles and publications that, while the Court should strike pursuant to Fed. R. Civ. P. 12(f), contradict Gas Drawls' infringement allegations. Those other allegations and articles/publications confirm that Temu merely acts as an intermediary, hosting the third-party product listings through the Temu.com website, a role fundamentally at odds with the Complaint's theory of direct liability.

Moreover, Gas Drawls' other state law claims are similarly deficient. For example, though Gas Drawls asserted misappropriation of likeness claims against Temu, Gas Drawls did not allege that it owns the right of publicity underlying those claims. Even if it had, Gas Drawls' misappropriation claims would still fail as a matter of law. Gas Drawls' statutory claim fails because MF Doom—the

deceased personality whose publicity right Gas Drawls seeks to assert—was not domiciled in California (or another jurisdiction that recognizes a post-mortem right of publicity) at the time of his death. Gas Drawls' common law claim also fails because California common law does not recognize a post-mortem right of publicity.

Gas Drawls bases its unfair competition claims on the same conduct at issue in the trademark and misappropriation claims, and the unfair competition claims fail for the same reasons. Even if Gas Drawls had stated plausible state law claims, they would nonetheless be subject to dismissal under 47 U.S.C. § 230, which shields online marketplaces like Temu from infringement based on the conduct of third-party users and content creators.

Finally, this lawsuit is particularly baseless in light of Temu's responsible actions. In accordance with Temu's Intellectual Property Policy, as soon as Gas Drawls alerted Temu of the alleged infringement, Temu removed the identified listings from its website. Despite Temu's good faith effort to address Gas Drawls' concerns, Gas Drawls proceeded with this lawsuit.

In sum, Gas Drawls' Complaint fails to state any viable claims against Temu. Accordingly, the Court should dismiss the Complaint in its entirety.

## II.  STATEMENT OF FACTS

As supported by the sources cited in Gas Drawls' complaint, Temu is an online retail sales platform that hosts product listings from third-party sellers on its website. For example, Gas Drawls cites a Congressional Select Committee report, which found that "Temu is an online retail platform" that "facilitates transactions between Americans and China-based sellers." (Compl. at 2, n.2). Gas Drawls also cites a complaint filed in Nebraska state court, which describes Temu

-2-

as "a marketplace for Chinese suppliers to offer their products" through "Temu's network of more than 80,000 China-based sellers." (Ex. 1 at ¶¶ 59, 61).[1]

As a responsible online sales platform, Temu takes intellectual property rights seriously and maintains strict intellectual property policies that govern its platform. *See* Temu – Intellectual Property Policy, *available at* https://www.temu.com/intellectual-property-policy.html (last updated Mar. 2, 2025). Rights holders may report allegedly infringing listings via Temu's online IP Portal or to Temu's DMCA Designated Agent. *Id.*

Contrary to the allegations in the Complaint (*see* Compl., ¶ 28), prior to filing this lawsuit, Gas Drawls did not attempt to utilize any of Temu's robust procedures to identify the potentially infringing listings, investigate the third-party sellers associated with such listings, or remove the potentially infringing listings. Instead, the first communication that Temu received from Gas Drawls regarding the allegedly infringing listings was a draft Complaint. Nonetheless, upon receiving the draft, Temu promptly investigated the matter. Acting out of an abundance of caution and in accordance with its IP policies – not as an admission of merit to Gas Drawls' claims – Temu removed every listing that it could identify from the poor-quality screenshots provided.

/ / /

---

[1] Although Gas Drawls cites URLs from which the Congressional Select Committee report and Nebraska state court complaint can be accessed, it did not attach copies of those documents as exhibits. However, under the incorporation by reference doctrine, the Court may consider the content of those documents on a motion to dismiss if the Complaint refers extensively to the documents or the documents form the basis for Gas Drawls' claims. *Wong v. Arlo Techs., Inc.*, No. 19-CV-00372-BLF, 2019 WL 7834762, at *4 (N.D. Cal. Dec. 19, 2019) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Here, these two documents are cited by Gas Drawls in the introduction of its Complaint and thus Gas Drawls apparently contends that the documents form the basis for some of its claims.

### III.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Gas Drawls must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if Gas Drawls pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court must accept all well-pleaded factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.  Moreover, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998).  "There is no plausibility 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *McGurr v. N. Face Apparel Corp.*, No. 221CV00269SBPDX, 2021 WL 4706984, at *1 (C.D. Cal. Aug. 27, 2021) (quoting *Iqbal*, 556 U.S. at 679).

### IV.  ARGUMENT

**A.    Gas Drawls Fails to State a Claim for Trademark Infringement**

In its First, Second, and Seventh Claims for Relief, Gas Drawls asserts claims for direct trademark infringement, false endorsement, and counterfeiting. Gas Drawls' First Claim for Relief is generically titled as a claim for "Trademark Infringement" but does not specify any statutory or other basis for the claim.  As such, the Court should dismiss that claim.  The Second and Seventh Claims for Relief arise under the Lanham Act.  Given the similarity of elements among these claims (to the extent there is any basis in statute or otherwise for the First Claim for Relief), courts in this district routinely analyze such infringement claims together.  *See, e.g. Scott & Addison, LLC v. Pinkblush.com*, No. 8:20-CV-01160-

SB-DFM, 2021 WL 3579413, at *1 (C.D. Cal. Apr. 5, 2021) (analyzing claims under 15 U.S.C. §§ 1114 and 1125 together).  Accordingly, those claims are addressed together below.

### 1.     <u>Gas Drawls Fails to Plausibly Plead Use in Commerce</u>

#### a.     <u>The Court Should Not Accept Gas Drawls' Contradictory Allegations</u>

Gas Drawls' infringement claim is fundamentally premised on the allegation that Temu directly sells the accused products. But Gas Drawls is incorrect.  Thus, unsurprisingly, certain of Gas Drawls' allegations contradict its bare assertions that Temu, as opposed to third-parties, is responsible for making and selling the allegedly infringing products.

First, the external sources cited in the Complaint confirm Temu's role as a platform, not a seller.  For example, Gas Drawls cites a Congressional Select Committee report, which found that "Temu is an online retail platform" that "facilitates transactions between Americans and China-based sellers."  (Compl. at 2, n. 2; Ex. 2 at 4).  Gas Drawls also cites a complaint filed in Nebraska state court, which alleges that "the Temu app provides a marketplace for Chinese suppliers to offer their products" through "Temu's network of more than 80,000 China-based sellers."  (Ex. 1 at ¶¶ 59, 61). These characterizations, introduced and incorporated by Gas Drawls itself, are fundamentally at odds with its conclusory assertion that Temu is a manufacturer and direct seller. *See* Compl. at 3.  The Court need not accept such contradictory allegations as true for purposes of this motion. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"); *Shenzhen Kangmingcheng Tech. Co. v. PDD Holdings Inc.*, No. 1:23-CV-02697, 2024 WL 5221272, at *3 (N.D. Ill. Dec. 23, 2024) (finding allegations about Temu's alleged involvement in selling and distributing allegedly infringing goods did not

-5-

1    state a plausible claim because they "offer contradictory statements about Temu's
2    role in the sale of the goods").

3    In addition, as noted above, the Complaint includes screenshots from the
4    Temu.com website purporting to show allegedly infringing goods.  Compl., ¶ 11.
5    Notably, the Complaint does not include *any* screenshots of the product-specific
6    listings that correspond to each of the search results or identify any of the product-
7    specific information contained in those listings.  This omission is highly material
8    and appears to be designed to mislead.

9    Indeed, although the Complaint fails to include any screenshots of the
10   allegedly infringing listings, the Complaint does include screenshots for two ***non-***
11   ***infringing*** product listings.  *See* Compl., ¶ 54.   Those product-specific listings
12   confirm that third-party sellers, ***not Temu***, are responsible for creating the
13   contents of product listings, selling the advertised products, and shipping them to
14   customers.  As shown below in the annotated excerpts of irrelevant examples
15   identified by Gas Drawls, the product-specific listings contain a "sold by" link
16   identifying that third-party sellers are responsible for the listings and further
17   confirm for each that the product "ships from this seller."

18   / / /
19   / / /
20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

**Identifying Third-Party Seller/Shipper**

Compl., ¶ 54. These listings further contradict Gas Drawls' allegations that Temu is responsible for making and selling the allegedly infringing products.

### b. Temu is an Online Sales Platform and Is Not Liable for any Alleged Infringement

Consistent with the Congressional Select Committee report, Nebraska complaint, and un-cropped product listings in the Complaint, the reality is that

Temu operates an online sales platform. In the Ninth Circuit, "use in commerce" is an essential element of any direct infringement claim under the Lanham Act. *See Altinex Inc. v. Alibaba.com Hong Kong Ltd*., No. SACV1301545JVSRNBX, 2016 WL 6822235, at *4 (C.D. Cal. Mar. 25, 2016) (collecting cases). Operating an online sales platform, such as Temu.com, that hosts the allegedly infringing product listings of third-party sellers does not satisfy the "use in commerce" element of a direct trademark infringement claim. *See Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 102–03 (2d Cir. 2010) (affirming judgement that eBay cannot be liable for direct infringement based on third-party seller listings of counterfeit goods); *see also Y.Y.G.M. SA v. Redbubble, Inc.*, 2020 WL 3984528, at *3 (C.D. Cal. July 10, 2020) (characterizing Redbubble's business as more similar to a service provider than a seller and granting summary judgment of no direct trademark infringement); *Tre Milano, LLC v. Amazon.com, Inc.*, No. B234753, 2012 WL 3594380, at *7 (Cal. Ct. App. Aug. 22, 2012) (finding Amazon a "transactional intermediary" not liable for direct infringement). Gas Drawls fails to plausibly plead that Temu is anything more than an online sales platform or that Temu—as opposed to third-party sellers on Temu.com—used Gas Drawls' alleged trademarks in commerce.

In sum, because the Complaint fails to plead any plausible facts that Temu is anything more than a transactional intermediary, Gas Drawls' direct infringement claims fail as a matter of law and must be dismissed.

### c.   Gas Drawls' Remaining Allegations are Conclusory and Devoid of Factual Support

Even setting aside the Complaint's factual contradictions and the lack of platform liability, Gas Drawls' Complaint fails for the additional reason that its allegations are wholly conclusory. Indeed, many of Gas Drawls' allegations merely parrot the language of the Lanham Act. *See, e.g.*, Compl., ¶ 23 ("Temu has **used in commerce** marks substantially and confusingly similar to the Subject

Marks ….”), ¶ 70 (“Temu **used in commerce** counterfeit or copied registered marks in connection with the sale of goods that is likely to cause confusion without the consent or authorization of Plaintiff.”).  Such “[t]hreadbare recitals of the elements … supported by mere conclusory statements” cannot sustain Gas Drawls’ trademark infringement claims.  *Iqbal*, 556 U.S. at 678.

The Complaint’s other allegations fare no better – they are wholly conclusory and without any well-pled basis in fact.  For example, the Complaint alleges “Temu is a merchandise company that markets, advertises, and merchandise [*sic*] … prints and apparel some of which is of similar and identical style to GAS DRAWLS’ products ….”  Compl., ¶ 20.  But this allegation says nothing about Temu’s purported use in commerce of any of Gas Drawls’ alleged trademarks.

Equally unavailing is Gas Drawls’ allegation, “on information and belief,” that Temu “is offering to sell, selling, and marketing products bearing counterfeit marks ….”  Compl., ¶ 36.  This conclusory allegation does not identify any specific products that purport to bear a counterfeit Gas Drawls’ mark.

Gas Drawls also alleges that “Temu manufactured and sold a myriad of items that are counterfeit or blatant copies of Plaintiff’s artwork, products, trademarks, and intellectual property.”  Compl. at 3 (Introduction).  However, the Complaint offers no factual support for this allegation.  It does not identify which, if any, of the alleged counterfeits or copies were purportedly manufactured by Temu.  It does not even identify any Temu-operated manufacturing facility where such goods could have been made.

The Complaint also includes screenshots from the Temu.com website that Gas Drawls alleges are “exemplars of infringing and/or counterfeit product being offered by Temu on the Temu Online Store.”  Compl., ¶ 11.  The exemplars appear to reflect the results of a search for the term “MF Doom” on the Temu.com website.  However, many of the images are too blurry to determine which, if any,

-9-

of the products bear Gas Drawls' alleged trademarks, and the Complaint offers no further clarification.  Moreover, none of the screenshots identify that Temu made or was the party selling the products.

Indeed, none of the foregoing allegations contain any factual allegations substantiating that Temu, and not third-party sellers, made, offered to sell, or sold any of the allegedly infringing products.  In two separate past proceedings, the Northern District of Illinois dismissed trademark infringement claims against Temu based on similarly vague and conclusory allegations.  *See Shenzhen Kangmingcheng Tech. Co.*, at *3 ("The paragraphs that [Plaintiff] points to in arguing against dismissal are mere conclusory statements that do not contain any concrete facts about Temu."); *see also MaiBo v. WhaleCo, Inc.*, No. 23 C 2793, 2024 WL 1859730, at *3 (N.D. Ill. Apr. 29, 2024) (dismissing direct infringement claim based on speculative allegations untethered from allegedly infringing sales).  This Court should do the same.

## 2.    Gas Drawls Fails to Plausibly Plead a Likelihood of Confusion

The Court should dismiss each of Gas Drawls' trademark infringement claims for the additional reason that Gas Drawls fails to plausibly plead a likelihood of confusion.  *See Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 979 (N.D. Cal. 2015) (allegation that "defendant's use of the marks in commerce is likely to cause confusion" is an essential element of direct infringement claim).

As an initial matter, the Complaint alleges that Gas Drawls "owns registered trademarks" corresponding to twelve serial numbers. (Compl., ¶ 8). But only five of those serial numbers correspond to Gas Drawls' *registered* marks. The remaining seven are unregistered: six are pending applications, and one does not exist.[2] Because a claim under 15 U.S.C. § 1114 applies only to *registered*

---

[2] Serial No. 900687 does not exist in the USPTO database. The six pending

marks, Gas Drawls' § 1114 claim fails as a matter of law with respect to the seven unregistered marks.

Further, while the Complaint includes images of purportedly infringing product listings (*see* Compl., ¶ 11), the Complaint fails to identify which of those listings contain which of Gas Drawls' alleged marks. Moreover, for at least one of the alleged marks, "GAS DRAWLS", none of the pictured products appear to bear the mark at all. *Id.* The Complaint fails to explain how or why any of the listings, including those that do not appear to contain any of the alleged trademarks, could possibly confuse consumers as to the origin or sponsorship of the products. In the absence of such information, it is impossible for Temu to discern the basis for Gas Drawls' infringement claims.

The Complaint's remaining "likelihood of confusion" allegations, which are wholly conclusory and without any factual basis, do not cure this deficiency. For example, the Complaint alleges that Temu "exploited" Gas Drawls' trademarks "to confuse the public and create a false association and sponsorship between Plaintiff, MF DOOM, Temu, and Temu's products" and "caused confusion in the marketplace as to sponsorship and association as well as provenance." Compl., ¶ 16. But the Complaint fails to explain how or why any alleged use of the Gas Drawls' marks in Temu.com product listings could create such an association. At most, the Complaint merely alleges, "on information and belief," that "consumers have been confused as to the source of Temu's products and have concluded that GAS DRAWLS is associated with, sponsored, endorsed, or is otherwise affiliated with Temu's products" (Compl., ¶ 27), and that Temu's use "is designed to create and does create" confusion (Compl., ¶ 35). But the

_____

applications are: MF DOOM Graffiti - Serial Nos. 98415028, 99082478; DOOM (text) - Serial No. 90699948; DOOM Bubble Logo - Serial No. 90699969; GAS DRAWLS - Serial Nos. 90746811, 90981411.

Complaint offers no information, whatsoever, to support Gas Drawls' belief. Such conclusory allegations are insufficient to show that consumer confusion is more than a mere "possibility." *Iqbal*, 556 U.S. at 679. For this additional reason, the Court should dismiss Gas Drawls' trademark infringement claims.[3]

**B.    Gas Drawls Fails to State a Claim for Misappropriation of Likeness**

In its Fifth and Sixth Claims for Relief, Gas Drawls asserts statutory and common law right of publicity claims, respectively, for Temu's alleged unauthorized use of the "name, likeness, and signature" of MF Doom, a deceased third-party. Compl., ¶ 58; *see also id.*, ¶ 63. As explained below, the Court should dismiss these claims for several reasons.

**1.    Gas Drawls' Common Law Claim Fails as a Matter of Law**

Gas Drawls' Sixth Claim for Relief (Misappropriation of Likeness under California Common Law) fails as a matter of law. California common law does not recognize a post-mortem right of publicity. *See Est. of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d 997, 1008 (N.D. Cal. 2012) (dismissing, *sua sponte*, common law claim for misappropriation of likeness of a deceased person). Accordingly, the Court should dismiss the Sixth Claim for Relief.

**2.    Gas Drawls Fails to Allege Standing to Assert a § 3344.1 Claim**

Gas Drawls does not have standing to assert its Fifth Claim for Relief (Violation of California Civil Code § 3344 & 3344.1) because it does not allege

---

[3] To the extent Gas Drawls' First Claim for Relief purports to arise under the Lanham Act, its claim for punitive damages (Compl., ¶ 30) should be dismissed. *See* 15 U.S.C. § 1117(a) (expressly forbidding punitive damages for trademark infringement). Moreover, to the extent Gas Drawls seeks enhanced damages for willful counterfeiting, its allegations that Temu acted "willfully, maliciously, and oppressively" (Compl., ¶¶ 30, 60, 64) or "willfully, wantonly, and recklessly" (Compl., ¶¶ 44, 51) are threadbare recitals unsupported by any facts. *Iqbal*, 556 U.S. at 678. The Complaint alleges no facts showing Temu knew of Gas Drawls or intentionally used Gas Drawls' alleged marks.

1  it is the successor-in-interest to MF Doom's publicity right.[4]  Pursuant to the
2  statute, ownership of a valid publicity right may be transferred to another through
3  contract (or testamentary instrument), or to an heir through intestacy.  *See* Cal.
4  Civ. Code § 3344.1(c).  Accordingly, to assert a claim under Cal. Civ. Code §
5  3344.1, Gas Drawls must first allege that MF Doom transferred his publicity
6  rights to Gas Drawls, by contract or testamentary instrument.  The Complaint
7  contains no such allegation.

8       Instead, the Complaint merely alleges that Gas Drawls "is the owner of the
9  rights to MF DOOM's music library and intellectual property."  Compl., ¶ 8.  But
10 ownership of MF Doom's music library and intellectual property says nothing of
11 MF Doom's publicity right.  Notably, the Complaint does not allege that Gas
12 Drawls owns MF Doom's right of publicity (as opposed to his intellectual
13 property), or that MF Doom transferred his right of publicity to Gas Drawls at
14 any time.  For example, there is no allegation that Gas Drawls has a license to use
15 MF Doom's likeness, or that MF Doom assigned his right of publicity to Gas
16 Drawls.  *Cf. Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1068–69 (S.D. Cal.
17 2021) (standing under Cal. Civ. Code § 3344 satisfied where plaintiff alleged a
18 license to use likeness and an assignment of right to assert a right of publicity
19 claim).  This is fatal to Gas Drawls' § 3344.1 claim.  Thus, the Court should
20 dismiss the Fifth Claim for Relief.

21      **3.    Gas Drawls Fails to Plausibly Plead a § 3344.1 Claim**

22      Even if Gas Drawls had alleged it is the successor-in-interest to MF
23 Doom's purported right of publicity, the Fifth Claim for Relief would nonetheless

---

[4] The Complaint identifies Cal. Civ. Code § 3344 in the header for the Fifth
Claim for Relief.  However, § 3344, which involves the right of publicity of living
persons, does not apply because MF Doom is deceased.  Thus, to the extent the
Fifth Claim for Relief purports to assert a claim under Cal. Civ. Code § 3344, it
should be dismissed.

-13-

fail for at least two additional reasons. First, as discussed further below, Daniel Dumile (a.k.a. MF Doom) died while domiciled in the United Kingdom, not California. To be entitled to relief under § 3344.1, the deceased personality must have died while domiciled in California, or otherwise in a jurisdiction that recognizes a post-mortem right of publicity. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1149 (9th Cir. 2002) (denying post-mortem claim brought by Princess Diana's successor-in-interest because she died while domiciled in England, which does not recognize a post-mortem right of publicity); *see also Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1199 (C.D. Cal. 2008) (denying post-mortem right of publicity claim where personality died while domiciled in jurisdiction that did not recognize a post-mortem right of publicity). The Complaint does not allege that MF Doom died while a resident of California or another jurisdiction that recognizes a post-mortem right of publicity. Indeed, Gas Drawls could not make such an allegation.

As Gas Drawls has admitted in prior litigation in this district, MF Doom died while a resident of the United Kingdom. *See* Ex. 3 at ¶ 26 (*Thomspon v. Alapatt, et al.*, No. 2:23-cv-08966-DSF-E, ECF No. 1 (Oct. 24, 2023) (confirming "DOOM passed away in the United Kingdom" in October 2020); *see also* Ex. 4 at ¶ 10 (*Thomspon v. Alapatt, et al.*, No. 2:23-cv-08966-DSF-E, ECF No. 48) (confirming Daniel Dumile "returned to the United Kingdom, eventually settling in Leeds, England, where he lived until his death.").[5] Because the United

---

[5] The Court may take judicial notice of Gas Drawls' prior complaint and related litigation filings because they are matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."); *see also* Fed. R. Evid. 201(a) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

-14-

Kingdom does not recognize a post-mortem right of publicity, Gas Drawls cannot now claim such a right under California law. *See Cairns*, 292 F.3d at 1149. Accordingly, the Court should dismiss Gas Drawls' § 3344.1 claim as a matter of law.

Second, because § 3344.1 only applies "in cases in which the liability, damages, and other remedies arise from acts occurring directly in [California]" (Cal. Civ. Code § 3344.1(o)), Gas Drawls was required to allege specific acts of misappropriation ***in California***. The Complaint contains no such allegations. At most, the Complaint alleges that Temu has sold "infringing counterfeits and knockoffs" to "customers in California and beyond." Compl., ¶ 10. But this allegation relates to Temu's alleged infringement of Gas Drawls' trademarks, not to any purported misappropriation of MF Doom's likeness. Regardless, this bare allegation, based purely on Gas Drawls' "information and belief," does not identify any specific acts of misappropriation occurring directly in California, much less acts sufficient to sustain a claim under § 3344.1.

Finally, even if Gas Drawls could maintain a § 3344.1 claim against Temu, Gas Drawls is barred from seeking damages for any alleged misappropriation of MF Doom's likeness. That is because § 3344.1 provides that damages may only be recovered for acts of misappropriation that take place ***after*** a successor-in-interest registers a claim of rights with the California Secretary of State. *See* Cal. Civ. Code § 3344.1(f)(1) ("A successor in interest … shall not recover damages for a use prohibited by this section that occurs before the successor in interest or licensee registers a claim of the rights."). Here, the Complaint does not allege that Gas Drawls registered its claim of rights with the California Secretary of State at any time, much less prior to initiating this lawsuit. Accordingly, the Court should, at a minimum, dismiss Gas Drawls' request for damages under § 3344.1.

/ / /

/ / /

### 4. Gas Drawls' Likeness Pleading Fails To Give Meaningful Notice Of Its Claim

Gas Drawls' Complaint also fails to plead what was allegedly misappropriated and whose rights were allegedly violated. For example, Paragraph 58 alleges that "Defendants used Plaintiff's name, likeness, and signature on products and advertising." Compl., ¶ 58.[6] And Paragraph 63 alleges that "Temu knowingly used Plaintiff's name and signature" in violation of "Plaintiff's common law rights of publicity and privacy." Compl., ¶ 63. Yet the Complaint never identifies what specific name, likeness, or signature was allegedly used, on which products or advertisements, or in what manner. Nor does the Complaint clarify whether it is asserting Gas Drawls' own publicity rights (to the extent it has any such rights) or purporting to assert MF Doom's alleged rights. Gas Drawls' misappropriation claims should be dismissed for this reason alone.

### C. Gas Drawls Fails to State a Claim for Unfair Competition

### 1. Gas Drawls' Statutory Unfair Competition Claim (Third Claim for Relief) Fails for the Same Reasons as its Trademark Infringement Claims

In its Third Claim for Relief, Gas Drawls asserts an unfair competition claim under California Business and Professions Code § 17200. To support this claim, Gas Drawls relies on the same alleged conduct underlying its trademark infringement claims:

> Temu, by means of the conduct described above, have engaged in, … unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 through

---

[6] Gas Drawls—a corporation—does not have a personal right of publicity. *See* Cal. Civ. Code § 3344.1 ("As used in this section, 'deceased personality' means any ***natural person*** whose name, voice, signature, photograph, or likeness has commercial value at the time of that person's death, or because of that person's death.").

17203.  These acts and practices … violate California Business & Professions Code § 17200 in that they are—as described above— unfair, fraudulent, and/or unlawful.  Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act ….

Compl., ¶ 46.

In the Ninth Circuit, "state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).  "This means that if claims relying on the exact same factual conduct are validly dismissed under the Lanham Act, they should also be dismissed under California Unfair Competition law." *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 300 F. Supp. 3d 1073, 1091 (S.D. Cal. 2017).  Because Gas Drawls' statutory unfair competition claim relies on the same conduct underlying its trademark infringement claims, the Court should dismiss the claim for the same reasons discussed above.

To the extent Gas Drawls asserts the "fraudulent" or "unfair" elements of unfair competition against Temu, its pleadings are similarly inadequate. Regarding the "fraudulent" element (*see e.g.,* Compl., ¶¶ 46, 48 alleging "fraudulent" conduct), Gas Drawls' pleadings fail to satisfy the heightened standard of Rule 9(b) and should be dismissed. *See Lucasfilm Ltd. v. Ren Ventures Ltd.*, 2018 WL 2392963, at *5 (N.D. Cal. Apr. 24, 2018) ("bare recitation of the elements of a claim under the UCL's fraudulent prong do not meet the particularity requirements of Rule 9(b)"); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009). And regarding the "unfair" element, Gas Drawls must plead the accused conduct "threatens an incipient violation of an antitrust law, or that violates the policy or spirit of one of those laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles*

1  *Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  Gas Drawls has done no such

2  thing as the Complaint offers only the conclusory and threadbare assertion that

3  "harm...far outweighs utility" without any supporting facts. Compl., ¶ 46.

4      Moreover, Gas Drawls fails to plead economic injury sufficient to establish

5  standing to bring its statutory unfair competition claim.  *Kwikset Corp. v. Superior*

6  *Ct.*, 51 Cal. 4th 310, 322 (2011) (a plaintiff has standing if it "has suffered injury

7  in fact and has lost money or property as a result of the unfair competition").

8  Here, the Complaint does not identify any economic injury resulting from Temu's

9  alleged "egregious" business practices and "shock[ing]" product listings.  Instead,

10  the Complaint merely alleges that Gas Drawls has suffered "loss of profits" and

11  "dilution in the value of their rights and reputations" in "amounts which are not

12  yet ascertainable." Compl., ¶ 49.  But such conclusory allegations do not establish

13  an economic injury sufficient to confer standing.  *See Bragg Live Food Prods.,*

14  *LLC v. Nat'l Fruit Prod. Co.*, No. 2:22-CV-00584-SB-SK, 2022 WL 3574423, at

15  *2 (C.D. Cal. July 22, 2022) (dismissing unfair competition claim based on

16  conclusory allegations that plaintiff "has sustained, is sustaining, and/or is likely

17  to sustain" actual damages); *see also Marco Bicego S.P.A. v. Kantis*, No. 17-CV-

18  00927-SI, 2017 WL 2651985, at *5 (N.D. Cal. June 20, 2017) (dismissing unfair

19  competition claim for lack of standing based only on allegations of reputational

20  injury).

21      Finally, even if Gas Drawls had plausibly alleged a statutory unfair

22  competition claim, the Court should nonetheless dismiss Gas Drawls' demand for

23  disgorgement of profits, actual damages, and statutory damages resulting from

24  the alleged misconduct.  Compl., ¶¶ 48, 49, 51. "It is well-established that claims

25  for relief under [§ 17200] are limited to restitution and injunctive relief." *Roffman*

26  *v. Rebbl, Inc*., 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023).  Because disgorgement

27  of profits, actual damages, and statutory damages are not available remedies for

28  a § 17200 violation, the Court should dismiss Gas Drawls' damages claim.  *See*

*Bragg Live Food Prods., LLC. v. Nat'l Fruit Prod. Co.*, No. 2:22-CV-00584-SB-
SK, 2022 WL 3574423, at \*4 (C.D. Cal. July 22, 2022) (granting motion to
dismiss demand for damages that were unavailable as a matter of law); *Korea
Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1152 (2023) (holding that
disgorgement of profits is not an available remedy under unfair competition law).

Accordingly, the Court should dismiss the Third Claim for relief.

### 2.    Gas Drawls Fails to Plausibly Plead a Common Law Unfair Competition Claim (Fourth Claim for Relief)

In its Fourth Claims for Relief, Gas Drawls asserts an unfair competition
claim under California common law.  In support of this claim, Gas Drawls relies,
at least in part, on the same conduct underlying its trademark infringement claims.
*See* Compl., ¶ 55 ("The Temu conduct described above as well as in all preceding
paragraphs of this Complaint constitutes unfair competition under the common
law of the State of California.").  To the extent such conduct forms the basis for
Gas Drawls' common law claim, the Court should dismiss the claim for the same
reasons discussed above.

Gas Drawls' common law claim further alleges that Temu's conduct "will
tarnish and devalue Plaintiff's marks" because Temu is the "subject of allegations
of egregious and horrific business practices" and "sells products that shock the
conscious [sic] …." Compl., ¶ 54.  To the extent Gas Drawls' common law claim
relies on these allegations, it fails to plausibly allege an unfair competition claim
for several reasons.

First, to the extent Gas Drawls' claim relies on the existence of third-party
"allegations of egregious and horrific business practices" (Compl., ¶ 54), it fails
to explain how such allegations, even if true, are related to Temu's alleged use of
Gas Drawls' trademarks on the Temu.com website.  Likewise, the Complaint fails
to explain how the mere existence of unspecified ***allegations levied by third-***

*parties* could possibly constitute an unlawful, unfair, or fraudulent business practice of **Temu**.

Second, to the extent Gas Drawls' claim relies on Temu's alleged sales of "products that shock the conscious [*sic*]" (Compl., ¶ 54), the Complaint fails to identify any relationship between the allegedly 'shocking' listings (as pictured in the Complaint) and any of the allegedly infringing product listings on the Temu platform. Indeed, the Complaint fails to explain how product listings that do not appear to contain any reference to Gas Drawls' trademarks or ever appear on the same page as Gas Drawls' alleged trademarks could possibly tarnish or otherwise devalue Gas Drawls' trademarks. Accordingly, the Court should dismiss the Fourth Claim for Relief.

## D. The Communications Decency Act (47 U.S.C. § 230) Bars Gas Drawls' State Law Claims

The Communications Decency Act ("CDA") states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," and expressly preempts any state law to the contrary. 47 U.S.C. §§ 230(c)(1), (e)(3). The Ninth Circuit has interpreted the CDA to establish broad "federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (internal citations omitted).

Courts in the Ninth Circuit routinely dismiss state law claims, such as misappropriation of likeness and unfair competition, against online service providers where third-party users created the allegedly infringing content. *See, e.g.*, *Free Kick Master*, 140 F. Supp. 3d at 983 (dismissing state unfair competition claims "in the absence of any allegation that Amazon or Google acted as an author of the challenged content"); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-07098 AHM SHX, 2013 WL 2109963, at *15 (C.D. Cal. Mar. 8, 2013)

-20-

1  (dismissing California misappropriation of likeness claims).  That is precisely the
2  case here.

3       Temu is an online marketplace that facilitates the sale of goods by third-
4  party sellers to U.S.-based consumers and, as such, is entitled to § 230 immunity.
5  *See YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 768–69 (N.D. Cal.
6  2021) (finding § 230 immunity applied to "ecommerce system" that "facilitates
7  various online transactions between third parties by listing third party goods on
8  Defendant's platform.").  The allegedly infringing goods identified in Gas
9  Drawls' Complaint are no exception.  Those goods were offered on the Temu.com
10  website by independent third-party sellers, who manufacture the goods, create the
11  contents of the Temu.com listings for the goods, and ship the goods to purchasing
12  customers.  The Complaint contains no plausible allegations to the contrary.
13  Indeed, as noted above, the content contained in the allegedly infringing listings
14  originates with the third-party sellers, not Temu.  Accordingly, CDA immunity
15  applies, and the Court should dismiss Gas Drawls' state law claims.  *See id.*; *Free*
16  *Kick Master*, 140 F. Supp. 3d at 983; *Perfect 10,* 2013 WL 2109963, at *15.

17  **E.**    **The Court Should Strike Gas Drawls' Irrelevant and Inflammatory**
18         **Allegations under Fed. R. Civ. P. 12(f)**

19       Under Rule 12(f), the Court may strike immaterial, impertinent or
20  scandalous matter from Gas Drawls' Complaint.  *See* Fed. R. Civ. P. 12(f).
21  "Immaterial" matter is "that which has no essential or important relationship to
22  the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984
23  F.2d 1524, 1527 (9th Cir.1993).  "Impertinent" matter consists of "statements that
24  do not pertain, and are not necessary, to the issues in question."  *Id.*
25  "'Scandalous' matter includes allegations that improperly cast a 'cruelly
26  derogatory light on a party or person.'"  *Mireskandari v. Daily Mail & Gen. Tr.*
27  *PLC*, No. CV1202943MMMFFMX, 2013 WL 12129642, at *4 (C.D. Cal. July
28  31, 2013) (quoting *In re 2TheMart.com Securities Litigation*, 114 F.Supp.2d 955,

965 (C.D. Cal. July 17, 2000)).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotations omitted).  Gas Drawls' Complaint is rife with immaterial, impertinent, and scandalous allegations that seek to cast Temu in a negative light and otherwise distract from the merits—or lack thereof—of Gas Drawls' allegations and should be stricken.

For example, in the "Introduction" to the Complaint (Compl. at 2–4), Gas Drawls accuses Temu of being "unethical" and a "great threat[] to individuals, marketplaces, and the environment."  Compl. at 2.  The Complaint heavily quotes an unrelated state court complaint—from Nebraska—that purports to accuse Temu of a variety of misconduct not at issue in this case.  *Id.*  Gas Drawls goes on to cherry-pick several highly prejudicial quotes from online articles and other sources that further disparage Temu, its business model, and/or its purported negative impact on the global online retail marketplace.  *Id.*

None of these 'introductory' allegations form the basis for any of Gas Drawls' claims for relief.  Indeed, none of the allegations relate to any of the allegedly infringing products identified in the Complaint or otherwise speak to the alleged use of Gas Drawls' trademarks, or the name or likeness of MF Doom, on the Temu.com website.  Accordingly, the Court should strike all the allegations in the "Introduction" to Gas Drawls' Complaint as immaterial and impertinent.  *See Mireskandari*, 2013 WL 12129642 at *4-5 (striking allegations of blackmail and criminal conduct unrelated to any asserted cause of action); *see also Survivor Prods. LLC v. Fox Broad. Co.*, No. CV01-3234 LGB (SHX), 2001 WL 35829267, at *3 (C.D. Cal. June 12, 2001) (striking allegations based on opinions contained in articles and other publications because they "have no possible bearing on the controversy between the parties").

/ / /

In its Fourth Claim for Relief, Gas Drawls generally refers to Temu's purported "egregious and horrific business practices" and accuses Temu of "endorsing homophobia, inciting violence, and violent gang activity." Compl., ¶ 54. In support, the Complaint identifies two third-party product listings that purport to "shock the conscious [*sic*]," but neither of those listings form the basis for any of Gas Drawls' infringement or misappropriation claims. Instead, these allegations seek only to disparage and prejudice Temu and should be stricken. *See Survivor Prods.*, 2001 WL 35829267 at *3–4 (striking allegations containing pejorative opinions as "inflammatory and prejudicial").

## V. <u>CONCLUSION</u>

For the reasons stated above, Gas Drawls has failed to state plausible claims for trademark infringement, misappropriation of likeness, and unfair competition against Temu. Accordingly, Temu respectfully requests that the Court dismiss Gas Drawls' Complaint in its entirety or, alternatively, strike the immaterial, impertinent, and scandalous allegations contained therein.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR LLP

Dated: October 16, 2025     By: */s/ Hans L. Mayer*
                                  Hans L. Mayer
                                  Matthew S. Bellinger
                                  Nicholas A. Belair
                                  Melis Tirhi

                                  *Attorneys for Defendant,*
                                  Whaleco, Inc., d/b/a Temu

-23-

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Whaleco, Inc., d/b/a Temu certifies that this brief contains 6,773 words, which complies with the word limit set by the court order dated August 18, 2025.


Dated: October 16, 2025        By: */s/ Hans L. Mayer*
                                             Hans L. Mayer
                                             Matthew S. Bellinger
                                             Nicholas A. Belair
                                             Melis Tirhi

                                             *Attorneys for Defendant,*
                                             Whaleco, Inc., d/b/a Temu