Matthew S. Bellinger (SBN 222,228)
matt.bellinger@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Phone: (949) 760-0404

Nicholas A. Belair (SBN 295,380)
nick.belair@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR LLP
333 Bush St., 21st Fl.
San Francisco, CA 94104
Phone: (415) 217-8399

Hans L. Mayer (SBN 291,998)
hans.mayer@knobbe.com
Melis Tirhi (SBN 351,604)
melis.tirhi@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR LLP
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Phone: (310) 551-3450

*Attorneys for Defendant,*
Whaleco, Inc., d/b/a Temu

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GAS DRAWLS, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>WHALECO, INC., D/B/A TEMU;<br>and DOES 1-10,<br><br>            Defendants. | ) Case No. 2:25−cv−07425-SB (BFMx)<br>)<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES IN SUPPORT OF**<br>) **DEFENDANT'S MOTION TO**<br>) **DISMISS COMPLAINT AND**<br>) **MOTION TO STRIKE**<br>)<br>) Hearing Date: December 5, 2025<br>) Time: 8:30 a.m.<br>) Courtroom: 6C<br>) Judge: Hon. Stanley Blumenfeld Jr. |

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................... 1

II. FACTUAL BACKGROUND .................................................................. 2

    A. Procedural History ........................................................................ 2

    B. Temu's Business Model as an Online Marketplace ..................... 3

III. LEGAL STANDARD ............................................................................ 4

IV. ARGUMENT .......................................................................................... 5

    A. Gas Drawls Fails to State a Claim for Trademark Infringement .................................................................................. 5

        1. Gas Drawls Fails to Plausibly Plead Use in Commerce ............................................................................. 5

            a. The Court Should Not Accept Gas Drawls' Contradictory Allegations ............................................ 5

            b. Temu is an Online Sales Platform and Is Not Liable for any Alleged Infringement ................. 8

            c. Gas Drawls' Remaining Allegations are Conclusory and Devoid of Factual Support .............. 9

        2. Gas Drawls Fails to Plausibly Plead a Likelihood of Confusion ................................................................. 12

    B. Gas Drawls Fails to State a Claim for Misappropriation of Likeness ..................................................................................... 14

    C. Gas Drawls Fails to State a Claim for Unfair Competition ................................................................................. 17

        1. Gas Drawls' Statutory Unfair Competition Claim (Fourth Claim for Relief) Fails for the Same Reasons as its Trademark Infringement Claims ............... 17

        2. Gas Drawls Fails to Plausibly Plead a Common Law Unfair Competition Claim (Fifth Claim for Relief) .................................................................................. 19

    D. The Communications Decency Act (47 U.S.C. § 230) Bars Gas Drawls' State Law Claims.......................................... 20

    E. The Court Should Strike Gas Drawls' Irrelevant and Inflammatory Allegations under Fed. R. Civ. P. 12(f) ................ 22

# TABLE OF CONTENTS
### (*cont'd*)

**Page No.**

V.    CONCLUSION ........................................................................................23

# TABLE OF AUTHORITIES

**Page No(s).**

*In re 2TheMart.com Securities Litigation*,
  114 F.Supp.2d 955 (C.D. Cal. July 17, 2000) ................................................ 22

*Altinex Inc. v. Alibaba.com Hong Kong Ltd.*,
  No. SACV1301545JVSRNBX, 2016 WL 6822235
  (C.D. Cal. Mar. 25, 2016) ............................................................................ 5, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................... 4, 5, 10, 14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................... 4, 5

*Bragg Live Food Prods., LLC v. Nat'l Fruit Prod. Co.*,
  No. 2:22-CV-00584-SB-SK, 2022 WL 3574423
  (C.D. Cal. July 22, 2022) ......................................................... 18, 19

*Cairns v. Franklin Mint Co.*,
  292 F.3d 1139 (9th Cir. 2002) .................................................. 14, 15

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ...................................................................... 18

*Cleary v. News Corp.*,
  30 F.3d 1255 (9th Cir. 1994) ............................................................ 17

*Dr. Seuss Enters., L.P. v. ComicMix LLC*,
  300 F. Supp. 3d 1073 (S.D. Cal. 2017) .......................................... 17

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir.1993) ........................................................... 22

*Free Kick Master LLC v. Apple Inc.*,
  140 F. Supp. 3d 975 (N.D. Cal. 2015) ...................................... 12, 21

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .......................................................... 18

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal.4th 1134 (2023) ..................................................................... 19

*Kwikset Corp. v. Superior Ct.*,
  51 Cal. 4th 310 (2011) ...................................................................... 18

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ............................................................ 15

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page No(s).**

*Lucasfilm Ltd. v. Ren Ventures Ltd.*,
   2018 WL 2392963 (N.D. Cal. Apr. 24, 2018) ............................................ 18

*MaiBo v. WhaleCo, Inc.*,
   No. 23-C-2793, 2024 WL 1859730 (N.D. Ill. Apr. 29, 2024) .................... 12

*Marco Bicego S.P.A. v. Kantis*,
   No. 17-CV-00927-SI, 2017 WL 2651985
   (N.D. Cal. June 20, 2017) ....................................................................... 19

*McGurr v. N. Face Apparel Corp.*,
   No. 221CV00269SBPDX, 2021 WL 4706984
   (C.D. Cal. Aug. 27, 2021) ......................................................................... 5

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*,
   568 F. Supp. 2d 1152 (C.D. Cal. 2008) .................................................... 15

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
   No. CV1202943MMMFFMX, 2013 WL 12129642
   (C.D. Cal. July 31, 2013) ................................................................... 22, 23

*Perfect 10, Inc. v. CCBill LLC*,
   488 F.3d 1102 (9th Cir. 2007) .................................................................. 21

*Perfect 10, Inc. v. Giganews, Inc.*,
   No. CV11-07098 AHM SHX, 2013 WL 2109963
   (C.D. Cal. Mar. 8, 2013) ........................................................................... 21

*Roffman v. Rebbl, Inc.*,
   653 F. Supp. 3d 723 (N.D. Cal. 2023) ...................................................... 19

*Scott & Addison, LLC v. Pinkblush.com*,
   No. 8:20-CV-01160-SB-DFM, 2021 WL 3579413
   (C.D. Cal. Apr. 5, 2021) ............................................................................ 5

*Shenzhen Kangmingcheng Tech. Co. v. PDD Holdings Inc.*,
   No. 1:23-CV-02697, 2024 WL 5221272
   (N.D. Ill. Dec. 23, 2024) ...................................................................... 6, 12

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998) ................................................................. 5, 6

*Survivor Prods. LLC v. Fox Broad. Co.*,
   No. CV01-3234 LGB (SHX), 2001 WL 35829267
   (C.D. Cal. June 12, 2001) ......................................................................... 23

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*Tiffany (NJ) Inc. v. eBay, Inc.*,
   600 F.3d 93 (2d Cir. 2010) ............................................................... 9

*Tre Milano, LLC v. Amazon.com, Inc.*,
   No. B234753, 2012 WL 3594380 (Cal. Ct. App. Aug. 22, 2012) ................ 9

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................ 3

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ........................................................... 22

*Wong v. Arlo Techs., Inc.*,
   No. 19-CV-00372-BLF, 2019 WL 7834762
   (N.D. Cal. Dec. 19, 2019) ............................................................... 3

*Y.Y.G.M. SA v. Redbubble, Inc.*,
   2020 WL 3984528 (C.D. Cal. July 10, 2020) ..................................... 9

*YZ Prods., Inc. v. Redbubble, Inc.*,
   545 F. Supp. 3d 756 (N.D. Cal. 2021) ............................................. 21

# OTHER AUTHORITIES

15 U.S.C. § 1114 ......................................................................... 5, 13

15 U.S.C. § 1125 ............................................................................. 5

47 U.S.C. § 230 .................................................................... 2, 20, 21

Cal. Civ. Code §3344.1 ......................................................... 14, 16, 17

California Business and Professions Code § 17200 ...................... 17, 19

Fed. R. Civ. P. Rule 11 ................................................................. 16

Fed. R. Civ. P. Rule 9 ................................................................... 18

Fed. R. Civ. P. Rule 12 ...................................................... 1, 4, 21, 22

Fed. R. Evid. 201 ..................................................................... 15, 16

-v-

Pursuant to FRCP 12(b)(6) and (f), Whaleco, Inc. ("Temu") submits this Memorandum in support of its Motion to dismiss the First Amended Complaint (Dkt. 26, "FAC") of Gas Drawls, LLC ("Gas Drawls") and to strike portions of the FAC.

## I.  **INTRODUCTION**

Gas Drawls initiated this action against Temu for listing and selling allegedly infringing products through the Temu.com website.  As explained in Temu's prior Motion to Dismiss (Dkt. 20), Gas Drawls' original Complaint suffered from a fundamental problem: Gas Drawls failed to plead plausible facts showing that Temu—as opposed to independent third-party sellers on Temu.com—made and sold the allegedly infringing products.  Gas Drawls then added some additional allegations and citations in its FAC in an attempt to overcome the obvious deficiencies.  But even with these additions, the FAC still fails for the same fundamental reason as before and does not plausibly allege that Temu is, or could be, liable for the accused conduct.  The Court should therefore dismiss the FAC without leave to amend.

The FAC's screenshots and cited sources, including a source added for the first time to the FAC, continue to fatally undermine Gas Drawls' infringement theory.  None of the blurry and misleadingly cropped screenshots of the product listings included in the FAC identify *Temu* as the party that made or sold the products.  Had Gas Drawls included complete screenshots of the product listings, the listings would have identified that ***third-party sellers*** were responsible for creating and selling the products.  The FAC also relies on allegations in other lawsuits and cites to articles and publications that, though subject to Temu's Motion to Strike pursuant to FRCP 12(f), contradict Gas Drawls' infringement allegations.  Those other allegations and publications confirm that Temu merely acts as an intermediary, hosting the third-party product listings through the Temu.com website, a role fundamentally at odds with Gas Drawls' theory of

direct liability.

Gas Drawls' state law claims are similarly deficient.  For example, Gas Drawls continues to assert a baseless misappropriation of likeness claim.  That claim fails as a matter of law because MF Doom—the deceased personality whose publicity right Gas Drawls seeks to assert—was not domiciled in California (or another jurisdiction that recognizes a post-mortem right of publicity) at the time of his death.  Gas Drawls refuses to drop that claim despite being unable to cite any authority supporting its availability in this case.  Gas Drawls also asserts state unfair competition claims.  However, because Gas Drawls based those claims on the same conduct at issue in its trademark and misappropriation claims, they fail for the same reasons (among other reasons).  Even if Gas Drawls had stated plausible state law claims, they would nonetheless be subject to dismissal under 47 U.S.C. § 230, which shields online marketplaces like Temu from infringement based on the conduct of third-party users and content creators.

Finally, this lawsuit is particularly baseless in light of Temu's responsible actions.  In accordance with Temu's Intellectual Property Policy, as soon as Gas Drawls alerted Temu of the alleged infringement, Temu removed the identified listings from its website.  Despite Temu's good faith effort to address Gas Drawls' concerns, Gas Drawls proceeded with this lawsuit.

Because Gas Drawls' FAC fails to state any viable claims against Temu, the Court should dismiss the FAC in its entirety without leave to amend.

## II.  **FACTUAL BACKGROUND**

### A.    **Procedural History**

Gas Drawls filed its original Complaint on August 11, 2025.  (Dkt. 1).  Temu filed a Motion to Dismiss all claims in the Complaint.  (Dkt. 20).  Temu argued, *inter alia*, that Gas Drawls failed to plead that Temu had "used in commerce" any of Gas Drawls' trademarks because third-party sellers, not Temu, were responsible for the allegedly infringing product listings.  (Dkt. 20-1 at 5-10).

1    Temu also argued that Gas Drawls' statutory and common law misappropriation

2    of likeness claims failed as a matter of law and thus could not be cured through

3    amendment.  In view of Temu's motion, Gas Drawls elected to file its FAC.  (Dkt.

4    26).

5         The FAC withdrew Gas Drawls' common law misappropriation of likeness

6    claim, but retained the statutory likeness claim without modification.  (Dkt. 26).

7    The FAC also retained the original trademark and unfair competition claims, with

8    only slight modification, and added several new paragraphs to the section titled,

9    "General Factual Allegations."  (*Id.* at ¶¶ 8–12).  As discussed below, none of

10    Gas Drawls' new allegations cure the deficiencies in the original Complaint.

11    **B.    Temu's Business Model as an Online Marketplace**

12         As supported by the sources cited in the FAC, Temu is an online retail sales

13    platform that hosts product listings from third-party sellers on its website.  For

14    example, Gas Drawls cites a Congressional Select Committee report, which found

15    that "Temu is an online retail platform" that "facilitates transactions between

16    Americans and China-based sellers." (FAC at 2, n.2).[1] Gas Drawls also cites a

17    complaint filed in Nebraska state court, which describes Temu as "a marketplace

18    for Chinese suppliers to offer their products" through "Temu's network of more

19    than 80,000 China-based sellers." (*Id.*, Ex. 2 at ¶¶ 59, 61).  Gas Drawls also cites

20    a complaint filed in Massachusetts district court, which alleges that "Temu

21

22    ───────────────

23         [1] Gas Drawls cites a URL to the Congressional Select Committee report, but did not attach a copy.  Under the incorporation by reference doctrine, the Court may consider the content of that document on a motion to dismiss if the

24    FAC refers extensively to it or if it forms the basis for Gas Drawls' claims.  *Wong v. Arlo Techs., Inc.*, No. 19-CV-00372-BLF, 2019 WL 7834762, at *4 (N.D. Cal.

25    Dec. 19, 2019) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

26    Here, Gas Drawls relies on the cited document in the introduction of its FAC and thus Gas Drawls apparently contends that the document forms the basis for some

27    of its claims.

28

1  operates an online marketplace that connects consumers and third party sellers"
2  and that "[p]roducts on the Temu online marketplace are available for purchase
3  from third party sellers." (FAC, Ex. 1 at ¶¶ 15, 17).

4        As a responsible online sales platform, Temu takes intellectual property
5  rights seriously and maintains strict intellectual property policies that govern its
6  platform. *See* Temu – Intellectual Property Policy, *available at*
7  https://www.temu.com/intellectual-property-policy.html (last updated Mar. 2,
8  2025). Rights holders may report allegedly infringing listings via Temu's online
9  IP Portal or to Temu's DMCA Designated Agent. *Id.* Prior to filing this lawsuit,
10  Gas Drawls did not attempt to utilize any of Temu's robust procedures to identify
11  the potentially infringing listings, investigate the third-party sellers associated
12  with such listings, or remove the potentially infringing listings. Instead, the first
13  communication that Temu received from Gas Drawls regarding the allegedly
14  infringing listings was a draft complaint. Nonetheless, upon receiving the draft,
15  Temu promptly investigated the matter. Acting out of an abundance of caution
16  and in accordance with its IP policies – not as an admission of merit to Gas Drawls'
17  claims – Temu removed every listing that it could identify from the poor-quality
18  screenshots provided.

### III. LEGAL STANDARD

19
20        To survive a motion to dismiss under Rule 12(b)(6), Gas Drawls must plead
21  "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*
22  *v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if Gas
23  Drawls pleads facts that "allow[] the court to draw the reasonable inference that
24  the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.
25  662, 678 (2009). Although the Court must accept all well-pleaded factual
26  allegations as true, "[t]hreadbare recitals of the elements of a cause of action,
27  supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.
28  The Court is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555.  Moreover, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998).  "There is no plausibility 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *McGurr v. N. Face Apparel Corp.*, No. 221CV00269SBPDX, 2021 WL 4706984, at *1 (C.D. Cal. Aug. 27, 2021) (quoting *Iqbal*, 556 U.S. at 679).

## IV.  ARGUMENT

### A.    Gas Drawls Fails to State a Claim for Trademark Infringement

In its First, Second, and Third Claims for Relief, Gas Drawls asserts claims for direct trademark infringement, counterfeiting, and false endorsement.  Given the similarity of elements among these claims, courts in this district routinely analyze such infringement claims together.  *See, e.g. Scott & Addison, LLC v. Pinkblush.com*, No. 8:20-CV-01160-SB-DFM, 2021 WL 3579413, at *1 (C.D. Cal. Apr. 5, 2021) (analyzing claims under 15 U.S.C. §§ 1114 and 1125 together).  Accordingly, these claims are addressed together below.

#### 1.    Gas Drawls Fails to Plausibly Plead Use in Commerce

In the Ninth Circuit, "use in commerce" is an essential element of any direct trademark infringement claim.  *See Altinex Inc. v. Alibaba.com Hong Kong Ltd.*, No. SACV1301545JVSRNBX, 2016 WL 6822235, at *4 (C.D. Cal. Mar. 25, 2016) (collecting cases).  As discussed below, however, Gas Drawls fails to plausibly plead that Temu, as opposed to the third-party sellers responsible for the allegedly infringing listings, used Gas Drawls' trademarks in commerce.

##### a.    The Court Should Not Accept Gas Drawls' Contradictory Allegations

Gas Drawls bases its infringement claims on the conclusory allegation that Temu directly manufactures and sells the accused products or otherwise controls their manufacture and sale.  Not only is Gas Drawls incorrect, but its own

allegations contradict its bare assertion that Temu, as opposed to third-parties, is responsible for making and selling the allegedly infringing products.

First, the external sources cited in the FAC confirm Temu's role as a platform, not a seller. For example, Gas Drawls cites a Congressional Select Committee report, which found that "Temu is an online retail platform" that "facilitates transactions between Americans and China-based sellers." (FAC at 2, n. 2, Ex. 2 at 4). Gas Drawls also cites a complaint filed in Nebraska state court, which alleges that "the Temu app provides a marketplace for Chinese suppliers to offer their products" through "Temu's network of more than 80,000 China-based sellers." (FAC, Ex. 2 at ¶¶ 59, 61).

Gas Drawls also cites a complaint filed in Massachusetts district court, which alleges that "Temu operates an online marketplace that connects consumers and third party sellers" and that "[p]roducts on the Temu online marketplace are available for purchase from third party sellers." (FAC, Ex. 1 at ¶¶ 15, 17). The Massachusetts complaint also states that Temu discloses third-party seller information "via a store information link on both standard product listings and on the abbreviated product listings that are visible in gamified shopping experiences" and that the "store information" links lead "to a pop-up containing the full name and physical address of the seller that is selling the product described in the listing." (*Id.* at ¶¶ 28, 30).

These characterizations and sources, introduced and incorporated by Gas Drawls itself, are fundamentally at odds with its conclusory assertion that Temu is a manufacturer and direct seller. (FAC at 3). The Court need not accept such contradictory allegations as true for purposes of this motion. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"); *Shenzhen Kangmingcheng Tech. Co. v. PDD Holdings Inc.*, No. 1:23-CV-02697, 2024 WL 5221272, at *3 (N.D. Ill. Dec. 23,

2024) (finding allegations about Temu's alleged involvement in selling and distributing allegedly infringing goods did not state a plausible claim because the complaint contained "contradictory statements about Temu's role in the sale of the goods").

In addition, the FAC includes screenshots from the Temu.com website purporting to show allegedly infringing goods. (FAC, ¶¶ 14–15). The FAC, like Gas Drawls' original Complaint, still does not include *any* screenshots of the product-specific listings that correspond to each of the search results or identify any of the product-specific information contained in those listings. This omission remains highly material and appears to be designed to mislead. Indeed, although the FAC fails to include any screenshots of the allegedly infringing listings, the FAC does include screenshots for two *non-infringing* product listings. (FAC, ¶ 68). Those product-specific listings confirm that third-party sellers, *not Temu*, are responsible for creating the contents of product listings, selling the products, and shipping them to customers. As shown below in the annotated excerpts from the FAC, the product-specific listings contain a "sold by" link identifying that third-party sellers are responsible for the listings and further confirm for each that the product "ships from this seller."



(FAC, ¶ 68). These listings further contradict Gas Drawls' allegations that Temu is responsible for making and selling the allegedly infringing products.

        **b.**    <u>**Temu is an Online Sales Platform and Is Not Liable for any Alleged Infringement**</u>

Consistent with the Congressional Select Committee report, Nebraska complaint, Massachusetts complaint, and un-cropped product listings cited in the FAC, the reality is that Temu merely hosted the allegedly infringing product

listings of third-party sellers on its online sales platform, Temu.com.  But that is not enough to satisfy the "use in commerce" element of a direct trademark infringement claim.  *See Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 102–03 (2d Cir. 2010) (affirming judgement that eBay cannot be liable for direct infringement based on third-party seller listings of counterfeit goods); *see also Y.Y.G.M. SA v. Redbubble, Inc.*, 2020 WL 3984528, at *3 (C.D. Cal. July 10, 2020) (characterizing Redbubble's business as more similar to a service provider than a seller and granting summary judgment of no direct trademark infringement); *Tre Milano, LLC v. Amazon.com, Inc.*, No. B234753, 2012 WL 3594380, at *7 (Cal. Ct. App. Aug. 22, 2012) (finding Amazon a "transactional intermediary" not liable for direct infringement).[2]

Because Gas Drawls fails to plausibly plead that Temu is anything more than a transactional intermediary or that Temu—as opposed to third-party sellers on Temu.com—used Gas Drawls' alleged trademarks in commerce, Gas Drawls' direct infringement claims fail as a matter of law and must be dismissed.

### c.    <u>Gas Drawls' Remaining Allegations are Conclusory and Devoid of Factual Support</u>

Gas Drawls' remaining allegations concerning "use in commerce" are wholly conclusory.  Indeed, many of Gas Drawls' allegations merely parrot the language of the Lanham Act.  (*See, e.g.*, FAC, ¶ 28 ("Temu has **used in commerce**

---

[2] The FAC also alleges, on "information and belief," that Temu used "MF Doom" as a search engine keyword.  (FAC, ¶¶ 16, 28).  The FAC offers no support for its bare allegation.  Regardless, because *users*, not Temu, enter keywords into Temu.com when searching for products, such conduct cannot form the basis for any direct infringement claim against Temu.  *See Altinex*, 2016 WL 6822235 at *5 (granting summary judgment of no direct infringement where plaintiff presented no evidence that defendant "configured its search engine in a way that would make the search engine retrieve listing of counterfeit products but for the way that third parties author their listings").

marks substantially and confusingly similar to the Subject Marks ….") (emphasis added), ¶ 39 ("Temu **used in commerce** counterfeit or copied registered marks in connection with the sale of goods that is likely to cause confusion without the consent or authorization of Plaintiff.") (emphasis added)). Such "[t]hreadbare recitals of the elements … supported by mere conclusory statements" cannot sustain Gas Drawls' trademark infringement claims. *Iqbal*, 556 U.S. at 678.

The FAC's other allegations fare no better – they are wholly conclusory, without any well-pled basis in fact, and otherwise untethered from Gas Drawls' infringement allegations. For example, Gas Drawls alleges, on "information and belief," that "Temu is not a passive marketplace" and sells products "for which it directs the manufacture and ships and/or otherwise exercises control." (FAC, ¶ 8). Not only is this allegation conclusory, but it also says nothing about Temu's purported use in commerce of any of Gas Drawls' alleged trademarks. Indeed, Gas Drawls' only support for this allegation is a series of statements purporting to summarize the contents of two publications. *See id.* Notably, Gas Drawls did not attach a copy of either publication to the FAC, thereby preventing Temu and this Court from considering the full context and contents of the publications. Even accepting Gas Drawls' self-serving statements as true, they still offer no well-pled factual support for Gas Drawls' claims because they have nothing to do with any of the allegedly infringing articles identified in the FAC.

None of Gas Drawls' remaining allegations suggest that Temu, as opposed to independent third-party sellers, was responsible for or otherwise controlled the manufacturing, advertising, and/or sale of any of the allegedly infringing products. For example, Gas Drawls relies on the Massachusetts complaint (discussed above) to allege that Temu "obfuscates and makes it difficult to discern its true relationship with the purported third-party sellers on its website." (FAC, ¶ 9 (citing Ex. 1 at ¶ 8)). But the Massachusetts complaint merely accuses Temu of past failures to comply with certain seller-related disclosure obligations, which

Temu has since resolved.  Gas Drawls fails to explain how those allegations are related, in any way, to Temu's alleged infringement of Gas Drawls' trademarks. More importantly, however, the Massachusetts complaint contradicts Gas Drawls' infringement theory, by stating that "Temu operates an online marketplace that connects consumers and third party sellers" and that "[p]roducts on the Temu online marketplace are available for purchase from third party sellers." (FAC, Ex. 1 at ¶¶ 15, 17).

Equally unavailing are Gas Drawls' allegations, on "information and belief," that Temu "engag[es] in a deceptive scheme known as 'false reference pricing,'" "commonly generates multiple separate independent listings for identical products," and "regularly creates its own advertisements for unlicensed and infringing products." (FAC, ¶¶ 10–12).  Although Gas Drawls relies on the same Nebraska complaint discussed above for support, the cited paragraphs do not support, and instead largely contradict, Gas Drawls' infringement theory.  For example, paragraph 196 concerns alleged "false reference pricing" by third-party sellers on the Temu.com marketplace.  (FAC, Ex. 2 at ¶ 196).  Paragraph 213 confirms that Temu provides IP rightsholders the opportunity to "request that Temu review" potentially infringing products on the Temu.com marketplace.  (*Id.* at ¶ 213).  Paragraph 217 identifies certain "auto-generat[ed] ads" that allegedly promote infringing products.  (*Id.* at ¶¶ 217–219).  However, none of the auto-generated ads in the Nebraska complaint contain any of Gas Drawls' alleged trademarks, and the FAC does not allege that Temu used any Gas Drawls trademarks in any auto-generated ads.

Gas Drawls also alleges that "Temu manufactured, marketed, advertised, and/or sold a myriad of items that are counterfeit or blatant copies of Plaintiff's artwork, products, trademarks, and intellectual property."  (FAC at 3:13–16; *see also id.*, ¶ 50 (alleging "on information and belief" that Temu "is offering to sell, selling, and marketing products bearing counterfeit marks")).  However, the FAC

offers no factual support for this allegation.  It does not identify which, if any, of the alleged counterfeits or copies were purportedly manufactured by Temu.  It does not even identify any Temu-operated manufacturing facility where such goods could have been made.

The FAC also includes screenshots from the Temu.com website that Gas Drawls alleges are "exemplars of infringing and/or counterfeit product being offered by Temu on the Temu Online Store."  (FAC, ¶ 15).  The exemplars reflect the results of a search for the term "MF Doom" on the Temu.com website.  (FAC, ¶ 16).  However, many of the images are too blurry to determine which, if any, of the products bear Gas Drawls' alleged trademarks, and the FAC offers no further clarification.  Moreover, none of the screenshots identify that Temu made or was the party selling the products.

Indeed, none of the foregoing allegations contain any facts substantiating that Temu – as opposed to third-party sellers – made, offered to sell, or sold any of the allegedly infringing products.   In two separate past proceedings, the Northern District of Illinois dismissed trademark infringement claims against Temu based on similarly vague and conclusory allegations.  *See Shenzhen Kangmingcheng Tech. Co.*, at *3 ("The paragraphs that [Plaintiff] points to in arguing against dismissal are mere conclusory statements that do not contain any concrete facts about Temu."); *see also MaiBo v. WhaleCo, Inc.*, No. 23-C-2793, 2024 WL 1859730, at *3 (N.D. Ill. Apr. 29, 2024) (dismissing direct infringement claim based on speculative allegations untethered from allegedly infringing sales).  This Court should do the same.

### 2.    <u>Gas Drawls Fails to Plausibly Plead a Likelihood of Confusion</u>

The Court should dismiss each of Gas Drawls' trademark infringement claims for the additional reason that Gas Drawls fails to plausibly plead a likelihood of confusion.  *See Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 979 (N.D. Cal. 2015) (allegation that "defendant's use of the marks in

commerce is likely to cause confusion" is an essential element of a direct infringement claim).

As an initial matter, the FAC alleges that Gas Drawls "owns registered trademarks" corresponding to twelve serial numbers. (FAC, ¶ 7). But only five of those serial numbers correspond to Gas Drawls' *registered* marks. The remaining seven are pending applications.[3] Because a claim under 15 U.S.C. § 1114 applies only to *registered* marks, Gas Drawls' § 1114 claim (Second Claim for Relief) fails as a matter of law with respect to the seven unregistered marks.

Further, while the FAC includes images of purportedly infringing product listings (FAC, ¶¶ 14–15), the FAC fails to identify which of those listings contain which of Gas Drawls' alleged marks. Moreover, for at least one of the alleged marks, GAS DRAWLS, none of the pictured products appear to bear the mark at all. (*Id.*) The FAC fails to explain how or why any of the listings, including those that do not appear to contain any of the alleged trademarks, could possibly confuse consumers as to the origin or sponsorship of the products. In the absence of such information, it is impossible for Temu to discern the basis for Gas Drawls' infringement claims.

The FAC's remaining "likelihood of confusion" allegations, which are wholly conclusory and without any factual basis, do not cure this deficiency. For example, the FAC alleges that Temu "exploited" Gas Drawls' trademarks "to confuse the public and create a false association and sponsorship between Plaintiff, MF DOOM, Temu, and Temu's products" and "caused confusion in the marketplace as to sponsorship and association as well as provenance." (FAC, ¶ 21). But the FAC fails to explain how or why any alleged use of the Gas Drawls'

---

[3] The seven pending applications are: MF DOOM – Serial No. 90687346; MF DOOM Graffiti – Serial Nos. 98415028, 99082478; DOOM – Serial No. 90699948; DOOM Bubble Logo – Serial No. 90699969; GAS DRAWLS – Serial Nos. 90746811, 90981411.

marks in Temu.com product listings could create such an association. At most, the FAC merely alleges, "on information and belief," that "consumers have been confused as to the source of Temu's products and have concluded that GAS DRAWLS is associated with, sponsored, endorsed, or is otherwise affiliated with Temu's products" (FAC, ¶ 32), and that Temu's use is intended and designed to create confusion (FAC, ¶¶ 40, 49). But the FAC offers no information, whatsoever, to support Gas Drawls' belief. Such conclusory allegations are insufficient to show that consumer confusion is more than a mere "possibility." *Iqbal*, 556 U.S. at 679. For this additional reason, the Court should dismiss Gas Drawls' trademark infringement claims.[4]

## B.    Gas Drawls Fails to State a Claim for Misappropriation of Likeness

In its Sixth Claim for Relief, Gas Drawls asserts a statutory misappropriation of likeness claim under Cal. Civ. Code §3344.1 for Temu's alleged unauthorized use of the "name, likeness, and signature" of MF Doom, the onstage persona of Daniel Dumile, a deceased third-party. (FAC, ¶¶ 71–73). As explained below, the Court should dismiss this claim for several reasons.

First, Daniel Dumile (a.k.a. MF Doom) died while domiciled in the United Kingdom, not California. To be entitled to relief under § 3344.1, the deceased personality must have died while domiciled in California, or otherwise in a jurisdiction that recognizes a post-mortem right of publicity. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1149 (9th Cir. 2002) (denying post-mortem claim brought by Princess Diana's successor-in-interest because she died while

---

[4] To the extent Gas Drawls seeks enhanced damages for willful counterfeiting, its allegations that Temu acted "willfully, maliciously, and oppressively" (FAC, ¶¶ 34, 47, 75) or "willfully, wantonly, and recklessly" (FAC, ¶¶ 58, 65) are threadbare recitals unsupported by any facts. *Iqbal*, 556 U.S. at 678. The FAC alleges no facts showing Temu knew of Gas Drawls or intentionally used Gas Drawls' alleged marks.

domiciled in England, which does not recognize a post-mortem right of publicity); *see also Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc*., 568 F. Supp. 2d 1152, 1199 (C.D. Cal. 2008) (denying post-mortem right of publicity claim where personality died while domiciled in jurisdiction that did not recognize a post-mortem right of publicity).  The FAC does not allege that MF Doom died while a resident of California or another jurisdiction that recognizes a post-mortem right of publicity.  Nor could it.

As Gas Drawls has admitted in prior litigation in this district, MF Doom died while a resident of the United Kingdom.  *See* Mayer Decl., Ex. 3 at ¶ 26 (*Thompson v. Alapatt, et al.*, No. 2:23-cv-08966-DSF-E, ECF No. 1 (Oct. 24, 2023) (confirming "DOOM passed away in the United Kingdom" in October 2020); *see also* Mayer Decl., Ex. 4 at ¶ 10 (*Thompson v. Alapatt, et al.*, No. 2:23-cv-08966-DSF-E, ECF No. 48) (confirming Daniel Dumile "returned to the United Kingdom, eventually settling in Leeds, England, where he lived until his death.").[5]  Because the United Kingdom does not recognize a post-mortem right of publicity, Gas Drawls cannot now claim such a right under California law.  *See Cairns*, 292 F.3d at 1149.  Temu notified Gas Drawls of this deficiency in connection with its Motion to Dismiss Gas Drawls' original Complaint.  (Dkt. 20).  Nonetheless, Gas Drawls again asserted its legally erroneous misappropriation of likeness claim in its FAC.  During the parties' meet and confer on this motion, Gas Drawls' counsel was unable to provide authority for

---

[5] The Court may take judicial notice of Gas Drawls' prior complaint and related litigation filings because they are matters of public record.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."); *see also* Fed. R. Evid. 201(a) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

-15-

maintaining the claim.  Mayer Decl., ¶ 5, Ex. 1.  Nor did Gas Drawls have any response to Temu's Rule 11 letter sent thereafter, which demanded the claim be dropped.  *Id.*  Accordingly, not only should the Court dismiss Gas Drawls' § 3344.1 claim as a matter of law, but the Court could consider exercising its authority pursuant to Fed. R. Civ. P. Rule 11(c)(3) to order Gas Drawls to show cause why it has not violated Rule 11(b) by continuing to assert a frivolous misappropriation of likeness claim in the FAC.

Second, because § 3344.1 only applies "in cases in which the liability, damages, and other remedies arise from acts occurring directly in [California]" (Cal. Civ. Code § 3344.1(o)), Gas Drawls was required to allege specific acts of misappropriation ***in California***.  The FAC contains no such allegations.  At most, the FAC alleges, in conclusory fashion, that Temu "used MF DOOM's name, likeness, and signature to advertise and sell products to consumers in California and this District."  (FAC, ¶ 73).  But, this bare allegation does not identify any specific acts of misappropriation occurring in California, much less acts sufficient to sustain a claim under § 3344.1.

Third, the FAC fails to plead what was allegedly misappropriated.  (FAC, ¶ 73).  For example, the FAC never identifies what specific name, likeness, or signature was allegedly used or what products or advertisements the alleged likeness was used on.

Finally, even if Gas Drawls could maintain a § 3344.1 claim against Temu, Gas Drawls is barred from seeking damages for any alleged misappropriation of MF Doom's likeness.  That is because § 3344.1 provides that damages may only be recovered for acts of misappropriation that take place ***after*** a successor-in-interest registers a claim of rights with the California Secretary of State.  *See* Cal. Civ. Code § 3344.1(f)(1) ("A successor in interest … shall not recover damages for a use prohibited by this section that occurs before the successor in interest or licensee registers a claim of the rights.").  Here, the FAC does not allege that Gas

Drawls registered its claim of rights with the California Secretary of State at any time, much less prior to initiating this lawsuit. Accordingly, the Court should, at a minimum, dismiss Gas Drawls' request for damages under § 3344.1.

**C.    Gas Drawls Fails to State a Claim for Unfair Competition**

**1.    Gas Drawls' Statutory Unfair Competition Claim (Fourth Claim for Relief) Fails for the Same Reasons as its Trademark Infringement Claims**

In its Fourth Claim for Relief, Gas Drawls asserts an unfair competition claim under California Business and Professions Code § 17200. To support this claim, Gas Drawls relies on the same alleged conduct underlying its trademark infringement claims:

> Temu, by means of the conduct described above, have engaged in, … unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 through 17203. These acts and practices … violate California Business & Professions Code § 17200 in that they are—as described above— unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act ….

(FAC, ¶ 60).

In the Ninth Circuit, "state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994). "This means that if claims relying on the exact same factual conduct are validly dismissed under the Lanham Act, they should also be dismissed under California Unfair Competition law." *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 300 F. Supp. 3d 1073, 1091 (S.D. Cal. 2017). Because Gas Drawls' statutory unfair competition claim relies on the same conduct underlying its trademark infringement claims, the Court should dismiss the claim for the same reasons discussed above.

-17-

To the extent Gas Drawls seeks to assert the "fraudulent" or "unfair" prongs of an unfair competition claim against Temu, its allegations are insufficient.  Regarding the "fraudulent" prong (*see, e.g.,* FAC, ¶¶ 60, 62 alleging "fraudulent" conduct), the FAC fails to satisfy the heightened pleading standard of Rule 9(b) and should be dismissed.  *See Lucasfilm Ltd. v. Ren Ventures Ltd.*, 2018 WL 2392963, at *5 (N.D. Cal. Apr. 24, 2018) ("bare recitation of the elements of a claim under the UCL's fraudulent prong do not meet the particularity requirements of Rule 9(b)"); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009).  Regarding the "unfair" prong, the FAC fails to allege that the accused conduct "threatens an incipient violation of an antitrust law, or that violates the policy or spirit of one of those laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  Instead, the FAC offers only the conclusory and threadbare assertion that "harm ... far outweighs utility," without identifying any supporting facts.  (FAC, ¶ 60).

Moreover, Gas Drawls fails to plead economic injury sufficient to establish standing to bring its statutory unfair competition claim.  *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322 (2011) (a plaintiff has standing if it "has suffered injury in fact and has lost money or property as a result of the unfair competition").  Here, the FAC does not identify any economic injury resulting from Temu's alleged unfair business practices.  Instead, the FAC merely alleges that Gas Drawls has suffered "loss of profits" and "dilution in the value of their rights and reputations" in "amounts which are not yet ascertainable."  (FAC, ¶ 63).  But such conclusory allegations do not establish an economic injury sufficient to confer standing.  *See Bragg Live Food Prods., LLC v. Nat'l Fruit Prod. Co.*, No. 2:22-CV-00584-SB-SK, 2022 WL 3574423, at *2 (C.D. Cal. July 22, 2022) (dismissing unfair competition claim based on conclusory allegations

that plaintiff "has sustained, is sustaining, and/or is likely to sustain" actual damages); *see also Marco Bicego S.P.A. v. Kantis*, No. 17-CV-00927-SI, 2017 WL 2651985, at \*5 (N.D. Cal. June 20, 2017) (dismissing unfair competition claim for lack of standing based only on allegations of reputational injury).

Finally, even if Gas Drawls had plausibly alleged a statutory unfair competition claim, the Court should nonetheless dismiss Gas Drawls' demand for disgorgement of profits, actual damages, and statutory damages resulting from the alleged misconduct. (FAC, ¶¶ 62–63, 65). "It is well-established that claims for relief under [§ 17200] are limited to restitution and injunctive relief." *Roffman v. Rebbl, Inc.*, 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023). Because disgorgement of profits, actual damages, and statutory damages are not available remedies for a § 17200 violation, the Court should dismiss Gas Drawls' damages claim. *See Bragg Live Food Prods.*, 2022 WL 3574423, at \*4 (granting motion to dismiss demand for damages that were unavailable as a matter of law); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1152 (2023) (holding that disgorgement of profits is not an available remedy under unfair competition law).

Accordingly, the Court should dismiss the Fourth Claim for relief.

## 2.    <u>Gas Drawls Fails to Plausibly Plead a Common Law Unfair Competition Claim (Fifth Claim for Relief)</u>

In its Fifth Claim for Relief, Gas Drawls asserts an unfair competition claim under California common law. In support of this claim, Gas Drawls relies, at least in part, on the same conduct underlying its trademark infringement claims. *See* FAC, ¶ 69 ("The Temu conduct described above as well as in all preceding paragraphs of this Complaint constitutes unfair competition under the common law of the State of California."). To the extent such conduct forms the basis for Gas Drawls' common law claim, the Court should dismiss the claim for the same reasons discussed above.

Gas Drawls' common law claim further alleges that Temu's conduct "will

tarnish and devalue Plaintiff's marks" because Temu is "subject to allegations of egregious and horrific business practices" and "sells products that shock the conscious [sic] …." (FAC, ¶ 68). To the extent Gas Drawls' common law claim relies on these allegations, it fails to plausibly allege an unfair competition claim for several reasons.

First, to the extent Gas Drawls' claim relies on the existence of third-party "allegations of egregious and horrific business practices" (FAC, ¶ 68), it fails to explain how such allegations, even if true, are related to Temu's alleged use of Gas Drawls' trademarks on the Temu.com website. Likewise, the FAC fails to explain how the mere existence of unspecified ***allegations levied by third-parties*** could possibly constitute an unlawful, unfair, or fraudulent business practice of ***Temu***.

Second, to the extent Gas Drawls' claim relies on Temu's alleged sales of "products that shock the conscious [*sic*]" (FAC, ¶ 68), the FAC fails to identify any relationship between the allegedly "shocking" listings (as pictured in the FAC) and any of the allegedly infringing product listings on the Temu platform. Indeed, the FAC fails to explain how product listings that do not contain any reference to Gas Drawls' trademarks and do not appear on the same page as Gas Drawls' alleged trademarks could possibly tarnish or otherwise devalue Gas Drawls' trademarks. Accordingly, the Court should dismiss the Fifth Claim for Relief.

**D.    The Communications Decency Act (47 U.S.C. § 230) Bars Gas Drawls' State Law Claims**

The Communications Decency Act ("CDA") states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," and expressly preempts any state law to the contrary. 47 U.S.C. §§ 230(c)(1), (e)(3). The Ninth Circuit has interpreted the CDA to establish broad "federal immunity

to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (internal citations omitted).

Courts in the Ninth Circuit routinely dismiss state law claims, such as misappropriation of likeness and unfair competition, against online service providers where third-party users created the allegedly infringing content. *See, e.g.*, *Free Kick Master*, 140 F. Supp. 3d at 983 (dismissing state unfair competition claims "in the absence of any allegation that Amazon or Google acted as an author of the challenged content"); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-07098 AHM SHX, 2013 WL 2109963, at *15 (C.D. Cal. Mar. 8, 2013) (dismissing California misappropriation of likeness claims). That is precisely the case here.

Temu is an online marketplace that facilitates the sale of goods by third-party sellers to U.S.-based consumers and, as such, is entitled to § 230 immunity. *See YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 768–69 (N.D. Cal. 2021) (finding § 230 immunity applied to "ecommerce system" that "facilitates various online transactions between third parties by listing third party goods on Defendant's platform."). The allegedly infringing goods identified in Gas Drawls' FAC are no exception. Those goods were offered on the Temu.com website by independent third-party sellers, who manufacture the goods, create the contents of the Temu.com listings for the goods, and ship the goods to purchasing customers. The FAC contains no plausible allegations to the contrary. Indeed, as noted above, the content contained in the allegedly infringing listings originated with the third-party sellers, not Temu. Accordingly, CDA immunity applies, and the Court should dismiss Gas Drawls' state law claims. *See id.*; *Free Kick Master*, 140 F. Supp. 3d at 983; *Perfect 10,* 2013 WL 2109963, at *15.

///

///

-21-

**E.** **The Court Should Strike Gas Drawls' Irrelevant and Inflammatory Allegations under Fed. R. Civ. P. 12(f)**

Under Rule 12(f), the Court may strike immaterial, impertinent or scandalous matter from Gas Drawls' FAC. *See* Fed. R. Civ. P. 12(f). "Immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* "'Scandalous' matter includes allegations that improperly cast a 'cruelly derogatory light on a party or person.'" *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV1202943MMMFFMX, 2013 WL 12129642, at *4 (C.D. Cal. July 31, 2013) (quoting *In re 2TheMart.com Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. July 17, 2000)). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotations omitted). Gas Drawls' FAC is rife with immaterial, impertinent, and scandalous allegations that seek to cast Temu in a negative light and otherwise distract from the merits—or lack thereof—of Gas Drawls' allegations and should be stricken.

For example, in the "Introduction" to the FAC (FAC at 2–4), Gas Drawls accuses Temu of being "unethical" and a "great threat[] to individuals, marketplaces, and the environment." (FAC at 2). The FAC heavily quotes an unrelated state court complaint—from Nebraska—that purports to accuse Temu of a variety of misconduct not at issue in this case. (*Id.* at 3). Gas Drawls goes on to cherry-pick several highly prejudicial quotes from online articles and other sources that further disparage Temu, its business model, and/or its purported negative impact on the global online retail marketplace. (*Id.*).

None of these 'introductory' allegations form the basis for any of Gas

Drawls' claims for relief. Indeed, none of the allegations relate to any of the allegedly infringing products identified in the FAC or otherwise speak to the alleged use of Gas Drawls' trademarks, or the name or likeness of MF Doom, on the Temu.com website. Accordingly, the Court should strike all the allegations in the "Introduction" to Gas Drawls' FAC as immaterial and impertinent. *See Mireskandari*, 2013 WL 12129642 at *4–5 (striking allegations of blackmail and criminal conduct unrelated to any asserted cause of action); *see also Survivor Prods. LLC v. Fox Broad. Co.*, No. CV01-3234 LGB (SHX), 2001 WL 35829267, at *3 (C.D. Cal. June 12, 2001) (striking allegations based on opinions contained in articles and other publications because they "have no possible bearing on the controversy between the parties").

In its Fifth Claim for Relief, Gas Drawls generally refers to Temu's purported "egregious and horrific business practices" and accuses Temu of "endorsing homophobia, inciting violence, and violent gang activity." (FAC, ¶ 68). In support, the FAC identifies two third-party product listings that purport to "shock the conscious [*sic*]" (*id.*), but neither of those listings form the basis for any of Gas Drawls' infringement or misappropriation claims. Instead, these allegations seek only to disparage and prejudice Temu and should be stricken. *See Survivor Prods.*, 2001 WL 35829267 at *3–4 (striking allegations containing pejorative opinions as "inflammatory and prejudicial").

## V. CONCLUSION

For the reasons stated above, Gas Drawls has failed to state plausible claims for trademark infringement, misappropriation of likeness, and unfair competition against Temu. Accordingly, Temu respectfully requests that the Court dismiss Gas Drawls' FAC in its entirety, and strike the immaterial, impertinent, and scandalous allegations contained therein.

/ / /

/ / /

-23-

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR LLP

Dated: November 5, 2025    By: /s/ Hans L. Mayer
                                Hans L. Mayer
                                Matthew S. Bellinger
                                Nicholas A. Belair
                                Melis Tirhi

*Attorneys for Defendant,*
Whaleco, Inc., d/b/a Temu

-24-

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Whaleco, Inc., d/b/a Temu certifies that this brief contains 6,985 words, which complies with the word limit set by the court order dated August 18, 2025.


Dated: <u>November 5, 2025</u>     By: <u>*/s/ Hans L. Mayer*</u>
                                         Hans L. Mayer
                                         Matthew S. Bellinger
                                         Nicholas A. Belair
                                         Melis Tirhi

                                         *Attorneys for Defendant,*
                                         Whaleco, Inc., d/b/a Temu