UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAS DRAWLS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WHALECO, INC., D/B/A TEMU,<br><br>    Defendant. | Case No. 2:25-cv-07425-SB-BFM<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [38] |

    Defendants Whaleco, Inc (d/b/a Temu) and PDD Holdings move to dismiss Plaintiff's second amended complaint (SAC) alleging that products on Temu's online retail platform infringe Plaintiff's protected marks.[1]  Plaintiff asserts trademark infringement (direct, contributory, and vicarious) and related unfair-competition claims under federal and California law.  The parties present competing narratives about Temu's platform:  Plaintiff alleges that Temu operates as a vertically integrated retailer that exercises control over sourcing, manufacturing, pricing, marketing, and shipping, while Defendants contend that Temu merely hosts product listings created by third-party sellers.

    As amended, the complaint plausibly alleges that Temu takes title to goods or otherwise exercises sufficient control over the allegedly infringing products to be liable for their sale.  Plaintiff alleges that Temu holds itself out as the seller, identifies products as "procured by Temu," creates advertising, receives manufacturer pitches, and jointly controls pricing, logistics, and importation.  As Temu's counsel conceded at oral argument, the allegations of procurement and importation, if true, would be sufficient to state a claim for infringement.  *See* 17 U.S.C. § 602 (creating liability for unauthorized importation); *Standard Fabrics Int'l, Inc. v. Dress Barn Inc.*, No. 2:15-CV-08437-ODW, 2017 WL 240072, at *5 (C.D. Cal. Jan. 19, 2017) ("[A] buyer who in good faith (or bad faith) buys an infringing work and then resells that work remains liable for infringement.").

    Defendants challenge the plausibility of Plaintiff's allegations by emphasizing that they concern Temu's business model rather than the specific

---

[1] The facts of the case are further detailed in the Court's prior dismissal order.  Dkt. No. 35.

1

products at issue. But Plaintiff alleges that it investigated the purported sellers and found them to be shell companies—an assertion that, as Defendants' counsel conceded, would undermine the claim that the products were sold by independent third parties. Accepting this allegation as true, the Court finds that—with the exception of the claim for contributory infringement—Defendants have not shown that they are entitled to dismissal of the claims.[2] *See, e.g.*, *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) (jointly analyzing claims for trademark infringement and state statutory and common law unfair competition). On the alternative claim for contributory infringement, Plaintiff has not plausibly alleged that Temu knowingly supplied services to an infringing user because it concedes that Temu removed the allegedly infringing listings upon notice. *See Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1002 (9th Cir. 2023) (contributory liability requires that defendant have specific knowledge of infringement).

Accordingly, the Court grants the motion to dismiss the contributory infringement claim and otherwise denies it. The request to strike PDD Holdings as a party is also denied because the amendment was timely when the case management order is construed in light of the procedural circumstances presented here. Dkt. No. 22.

Date: February 10, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[2] Defendants remaining arguments for dismissal also fail. As to Plaintiff's state-law claims, the allegations of lost profits and diverted trade are sufficient to confer standing, *see, e.g.*, *Millennium Dental Techs. Inc. v. Terry*, No. 18-CV-0348-DOC, 2018 WL 5094965, at *16 (C.D. Cal. July 16, 2018); and Defendants have not shown that they are entitled to immunity under § 230 of the Communications Decency Act because, contrary to their assertion, Plaintiff plausibly alleges that the goods were not sold by third parties. Nor have Defendants shown that Plaintiff's allegations are insufficient to establish a likelihood of confusion, as Plaintiff identifies products bearing "confusingly similar" marks. *See, e.g.*, Dkt. No. 36 ¶ 10, 52–32; *Shenzhen Riitek Tech. Co. v. AERB, Inc.*, No. 8:18-CV-00645-JLS, 2018 WL 5264077, at *4 (C.D. Cal. July 18, 2018) (finding similar allegations sufficient at motion to dismiss stage).