Matthew S. Bellinger (SBN 222,228)
matt.bellinger@knobbe.com
KNOBBE, MARTENS, OLSON &
& BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404

Nicholas A. Belair (SBN 295,380)
nick.belair@knobbe.com
KNOBBE, MARTENS, OLSON
& BEAR LLP
333 Bush St., 21st Fl.
San Francisco, CA 94104
Phone: (415) 217-8399

Hans L. Mayer (SBN 291,998)
hans.mayer@knobbe.com
Melis Tirhi (SBN 351,604)
melis.tirhi@knobbe.com
KNOBBE, MARTENS, OLSON
& BEAR LLP
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Phone: (310) 551-3450

*Attorneys for Defendant,*
Whaleco, Inc., d/b/a Temu

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GAS DRAWLS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WHALECO, INC., D/B/A TEMU, and PDD HOLDINGS, INC.,<br><br>Defendants. | Case No. 2:25−cv−07425-SB (BFMx)<br><br>**DEFENDANT WHALECO, INC., D/B/A TEMU'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF GAS DRAWLS, LLC'S SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

WHALECO, INC., D/B/A TEMU,

      Counter-Claimant,

    v.

GAS DRAWLS, LLC,

      Counter-Defendant.

Defendant Whaleco, Inc., d/b/a Temu ("Temu"), through its undersigned counsel, hereby submits its Answer, Affirmative Defenses and Counterclaims to Plaintiff Gas Drawls LLC's ("Plaintiff" or "Gas Drawls") Second Amended Complaint ("SAC" or "Complaint").[1]

To the extent not specifically admitted herein, the allegations of the Complaint are denied. Temu answers as follows:

## INTRODUCTION[2]

Regarding the first unnumbered paragraph of the SAC, Temu admits that Plaintiff has filed this action against Temu.

Regarding the second unnumbered paragraph of the SAC, Temu lacks sufficient information or belief to admit or deny the allegations regarding Senator Cotton and the referenced press release, and, on that basis, denies them. Temu denies the remaining allegations in the second unnumbered paragraph of the Complaint.

Regarding the third unnumbered paragraph of the SAC, Temu admits that on December 2, 2025, the Arizona Attorney General filed a complaint against Temu, but Temu denies the merits of those claims or that they have any relevance to this case. Temu denies the remaining allegations in the third unnumbered paragraph of the SAC.

Regarding the fourth unnumbered paragraph of the SAC, Temu denies the allegations therein.

Regarding the fifth unnumbered paragraph of the SAC, Temu admits that

---

[1] This Answer is provided on behalf of Temu only and is provided in response to the allegations as to Temu. Temu is not responding to allegations in the SAC directed to PDD Holdings, Inc., and the undersigned counsel does not represent PDD Holdings, Inc. in this case.

[2] For the Court's convenience, Temu has incorporated the section titles that appear in the Second Amended Complaint. Temu does not necessarily agree with the characterizations of such section titles and does not waive any right to object to those characterizations.

-1-

the Arkansas Attorney General has sued Temu, but Temu denies the merits of those claims or that they have any relevance to this case. Temu denies the remaining allegations in the fifth unnumbered paragraph of the SAC.

Regarding the sixth unnumbered paragraph of the SAC, Temu denies the allegations therein.

## JURISDICTION AND VENUE

1.    Temu admits that that this Court has subject matter jurisdiction pursuant to the Lanham Act, 15 U.S.C. § 1121, over the federal claims alleged in the SAC against Temu.

2.    Temu admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b) and may exercise supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367, as to the claims against Temu.

3.    Temu does not dispute, for purposes of this Action, that venue is proper in this judicial district as to Temu, but Temu denies the allegations as stated in paragraph 3.

## PARTIES

4.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 4 and, on that basis, denies them.

5.    Temu admits it is a Delaware corporation with a principal place of business at 31 St. James Avenue, Boston, Massachusetts, 02116. Temu further admits that it operates the online platform https://www.temu.com. Temu further admits that it is registered to do business in the state of California with the California Secretary of State. Temu denies the remaining allegations in paragraph 5.

6.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 6 and, on that basis, denies them.

7.    Temu denies the allegations in paragraph 7.

-2-

8.    Temu denies the allegations in paragraph 8.

## GENERAL FACTUAL ALLEGATIONS

9.    Temu denies that U.S. Trademark Application Nos. 98415028, 99082478, and 90746811 are registered trademarks. Temu lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 9, including the validity or ownership of the remaining marks, and, on that basis, denies them.

10.    Temu denies the allegations in paragraph 10.

11.    Temu denies the allegations in paragraph 11.

12.    Temu lacks sufficient information or belief to admit or deny whether the image is a Temu-sponsored advertisement and, on that basis, denies the allegation.  Temu denies the remaining allegations in paragraph 12.

13.    Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is required, Temu admits that it is an online marketplace for third-parties, but denies any remaining allegations in paragraph 13.

14.    Temu denies the allegations in paragraph 14.

15.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 15 and, on that basis, denies them.

16.    Temu denies the allegations in paragraph 16.

17.    Temu denies the allegations in paragraph 17.

18.    Temu denies the allegations in paragraph 18.

19.    Temu denies the allegations in paragraph 19.

20.    Temu denies the allegations in paragraph 20.

21.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 21 and, on that basis, denies them.

22.    Temu denies the allegations in paragraph 22.

23.    Temu lacks sufficient information or belief to admit or deny whether

Exhibit 9 to the SAC is report by Veridion and, on that basis, denies the allegation.

Temu denies the remaining allegations in paragraph 23.

24. Temu denies the allegations in paragraph 24.

25. Temu denies the allegations in paragraph 25.

26. Temu denies the allegations in paragraph 26.

27. Temu denies the allegations in paragraph 27.

28. Temu denies the allegations in paragraph 28.

29. Temu denies the allegations in paragraph 29.

30. Temu denies the allegations in paragraph 30.

31. Temu denies the allegations in paragraph 31.

32. Temu admits that allegation quoted in paragraph 32 of the SAC was made by Shein in the case *Roadget Business PTE. Ltd., v. PDD Holdings Inc., et al.*, Case No. 1:24-cv-02402 (D.C. 2024). Temu denies the allegations therein.

33. Temu denies the allegations in paragraph 33.

34. Temu denies the allegations in paragraph 34.

35. Temu denies the allegations in paragraph 35.

36. Temu denies the allegations in paragraph 36.

37. Temu denies the allegations in paragraph 37.

38. Temu denies the allegations in paragraph 38.

39. Temu denies the allegations in paragraph 39.

40. Temu denies the allegations in paragraph 40.

41. Temu denies the allegations in paragraph 41.

42. Temu denies the allegations in paragraph 42.

43. Temu denies the allegations in paragraph 43.

44. Temu denies the allegations in paragraph 44.

45. Temu denies the allegations in paragraph 45.

46. Temu denies the allegations in paragraph 46.

47. The SAC does not include paragraph 47.

48.    Temu denies the allegations in paragraph 48.

49.    Temu denies the allegations in paragraph 49.

50.    Temu denies the allegations in paragraph 50.

51.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 51 and, on that basis, denies them.

52.    Temu denies the allegations in paragraph 52.

53.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 53 regarding the purported "non-exclusive exemplars of authentic GAS DRAWLS product bearing the Subject Marks" and, on that basis, denies them. Temu denies the remaining allegations in paragraph 53.

54.    Temu admits that Exhibit 8 appears to be cropped product listings from Temu's online platform. Temu denies the remaining allegations in paragraph 54.

55.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 55 regarding the manner in which Plaintiff allegedly discovered product listings on Temu's online platform and, on that basis, denies them. Temu denies the remaining allegations in paragraph 55.

56.    Temu denies the allegations in paragraph 56.

57.    Temu denies the allegations in paragraph 57.

58.    Temu admits that the Court discussed Temu providing certain information to Plaintiff at the December 5, 2025 hearing. Temu denies the remaining allegation in paragraph 58.

59.    Temu denies the allegations in paragraph 59.

60.    Temu lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 60 and, on that basis, denies them.

61.    Temu lacks sufficient information or belief to admit or deny the allegations regarding "Dinhle, Inc." and, on that basis, denies them. Temu denies the remaining allegations in paragraph 61.

62.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 62 and, on that basis, denies them.

63.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 63 and, on that basis, denies them.

64.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 64 and, on that basis, denies them.

65.    Temu denies the allegations in paragraph 65.

66.    Temu lacks sufficient information or belief to admit or deny the allegations regarding the investigations of the Information Technology & Innovation Foundation and, on that basis, denies them. Temu denies the remaining allegations in paragraph 66.

67.    Temu denies the allegations in paragraph 67.

68.    Temu denies the allegations in paragraph 68.

69.    Temu denies the allegations in paragraph 69.

70.    Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 70 and, on that basis, denies them.

71.    Temu denies the allegations in paragraph 71.

72.    Temu denies the allegations in paragraph 72.

73.    Temu denies the allegations in paragraph 73.

74.    Temu denies the allegations in paragraph 74.

75.    Temu denies the allegations in paragraph 75.

76.    Temu denies the allegations in paragraph 76.

77.    Temu lacks sufficient information or belief to admit or deny the allegations regarding the "snoop dogg temu" search shown in paragraph 77 and, on that basis, denies the allegations. Temu denies the remaining allegations in paragraph 77.

78.    Temu denies the allegations in paragraph 78.

79.    Temu denies the allegations in paragraph 79.

# FIRST CLAIM FOR RELIEF

## (For Common Law Trademark Infringement)

80.     Temu incorporates by reference paragraphs 1–79 as though fully set forth herein.

81.     Temu denies that it has infringed Plaintiff's intellectual property rights and denies all remaining allegations in the last sentence of paragraph 81. Temu lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 81, and, on that basis, denies the allegations.

82.     Temu lacks sufficient information or belief to admit or deny whether Plaintiff owns the Subject Marks and, on that basis, denies the allegation.  Temu admits that Plaintiff did not authorize Temu to exploit the Subject Marks in any manner, but Temu denies that it exploited the Subject Marks.  Temu denies the remaining allegations in paragraph 82.

83.     Temu denies the allegations in paragraph 83.

84.     Temu denies the allegations in paragraph 84.

85.     Temu denies the allegations in paragraph 85.

86.     Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 86, and, on that basis, denies the allegations.

87.     Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 87 and, on that basis, denies them.

88.     Temu lacks sufficient information or belief to admit or deny the allegations in paragraph 88 and, on that basis, denies them.

89.     Temu denies the allegations in paragraph 89.

90.     Temu denies the allegations in paragraph 90.

91.     Temu denies the allegations in paragraph 91.

92.     Temu denies the allegations in paragraph 92.

93.     Temu denies the allegations in paragraph 93.

94.     Temu denies the allegations in paragraph 94.

95.    Temu denies the allegations in paragraph 95.

96.    Temu denies the allegations in paragraph 96.

97.    Temu denies the allegations in paragraph 97.

98.    Temu denies the allegations in paragraph 98.

99.    Temu denies the allegations in paragraph 99.

100.    Temu denies the allegations in paragraph 100.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement - under 15 U.S.C.A. § 1114)

101.    Temu incorporates by reference paragraphs 1–100 as though fully set forth herein.

102.    The recitations of 15 U.S.C. § 1114 in paragraph 102 are statements of law and legal conclusions to which no answer is required. Temu denies that it has violated 15 U.S.C. § 1114.  Temu lacks sufficient information or belief to admit or deny the nonsensical allegations in paragraph 102 that states "premised on Google's alleged active creation and publication of infringing Shopping A," and, on that basis, denies that allegation.

103.    Temu denies the allegations in paragraph 103.

104.    Temu denies the allegations in paragraph 104.

105.    Temu denies the allegations in paragraph 105.

106.    Temu denies the allegations in paragraph 106.

107.    Temu denies the allegations in paragraph 107.

108.    Temu denies the allegations in paragraph 108.

109.    Paragraph 109 contains statements of law to which no answer is required. To the extent an answer is required, Temu denies that Plaintiff is entitled to any recovery.

110.    Temu denies the allegations in paragraph 110.

111.    Temu denies the allegations in paragraph 111.

/ / /

## **THIRD CLAIM FOR RELIEF**

### **(For Unfair Competition under Section 43(a) of the Lanham Act, False Endorsement (15 U.S.C. § 1125(a)))**

112.   Temu incorporates by reference paragraphs 1–111 as though fully set forth herein.

113.   Temu admits that Plaintiff purports to own the trademark registrations identified in the SAC.  Temu denies the remaining allegations in paragraph 113.

114.   Temu denies the allegations in paragraph 114.

115.   Temu denies the allegations in paragraph 115.

116.   Temu denies the allegations in paragraph 116.

117.   Temu denies the allegations in paragraph 117.

118.   Temu denies the allegations in paragraph 118.

119.   Temu denies the allegations in paragraph 119.

120.   Temu denies the allegations in paragraph 120.

121.   Temu denies the allegations in paragraph 121.

122.   Temu denies the allegations in paragraph 122.

123.   Temu denies the allegations in paragraph 123.

124.   Temu denies the allegations in paragraph 124.

125.   Temu denies the allegations in paragraph 125.

126.   Temu denies the allegations in paragraph 126.

127.   Temu denies the allegations in paragraph 127.

## **FOURTH CLAIM FOR RELIEF**

### **(For Unfair Competition under California Business and Professions Code §§ 17200, et seq.)**

128.   Temu incorporates by reference paragraphs 1–127 as though fully set forth herein.

129.   Temu denies the allegations in paragraph 129.

130. Temu denies the allegations in paragraph 130.

131. Temu denies the allegations in paragraph 131.

132. Temu denies the allegations in paragraph 132.

133. Temu denies the allegations in paragraph 133.

134. Temu denies the allegations in paragraph 134.

135. Temu denies the allegations in paragraph 135.

### FIFTH CLAIM FOR RELIEF

### (For Unfair Competition under California Common Law)

136. Temu incorporates by reference paragraphs 1–135 as though fully set forth herein.

137. Temu denies the allegations in paragraph 137.

138. Temu denies the allegations in paragraph 138.

### SIXTH CLAIM FOR RELIEF

### (For Contributory Trademarking Counterfeiting and Infringement)

139. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

140. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

141. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

142. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

143. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

144. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

145. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

146. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

147. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

148. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

149. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

150. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

151. Plaintiff's Sixth Claim for Relief was dismissed from this Action and thus no further response from Temu is required to this paragraph.

## SEVENTH CLAIM FOR RELIEF

### (For Inducing Trademark Infringement and Counterfeiting)

152. Temu incorporates by reference paragraphs 1–151 as though fully set forth herein.

153. Temu denies the allegations in paragraph 153.

154. Temu denies the allegations in paragraph 154.

155. Temu denies the allegations in paragraph 155.

156. Temu denies the allegations in paragraph 156.

## EIGHTH CLAIM FOR RELIEF

### (For Vicarious Trademark Infringement and Counterfeiting)

157. Temu incorporates by reference paragraphs 1–156 as though fully set forth herein.

158. Temu denies the allegations in paragraph 158.

159. Temu denies the allegations in paragraph 159.

160. Temu denies the allegations in paragraph 160.

161. Temu denies the allegations in paragraph 161.

162.   Temu denies the allegations in paragraph 162.

163.   Temu denies the allegations in paragraph 163.

164.   Temu denies the allegations in paragraph 164.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any specific defense, Temu asserts the defenses below and reserves its right to assert additional defenses as may be warranted based on further investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity of Registered Marks)

U.S. Trademark Registration Nos. 7,273,384, 7,238,799, 7,238,800, 7,245,449, and 6,797,454 are invalid at least because Plaintiff has failed to use the registered marks with certain goods identified in the registrations with no intent to resume use and therefore abandoned its marks in connection with those goods. There was also no bona fide use of the marks shown in the above-mentioned registrations with respect to certain goods in commerce prior to and at the time of the filing of the respective use-based applications.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity of Trademark Application)

U.S. Trademark Application No. 98415028 is invalid at least because there was no bona fide use of the mark in connection with at least some of the applied-for goods prior to and at the time that Plaintiff filed its use-based application.

## THIRD AFFIRMATIVE DEFENSE

### (No damages)

Plaintiff's damages, if any, are speculative and are not recoverable. Plaintiff's claims for relief under § 17200 are limited to restitution and injunctive relief, therefore Plaintiff is not entitled to disgorgement of profits for those claims. Moreover, any alleged damages are not recoverable to the extent Plaintiff failed

-12-

to mitigate them.

## FOURTH AFFIRMATIVE DEFENSE

### (No Entitlement to Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not irreparable, Plaintiff would have an adequate remedy at law to the extent it proves any injury, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## FIFTH AFFIRMATIVE DEFENSE

### (State Law Claims Barred by The Communications Decency Act)

Plaintiff is barred from asserting state claw claims pursuant to the Communications Decency Act, 47 U.S.C. § 230, because third-party users, not Temu, created the allegedly infringing content.

## SIXTH AFFIRMATIVE DEFENSE

### (Fraud on USPTO and Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and fraud on the United States Patent and Trademark Office. Specifically, Plaintiff's Registration No. 6,797,454 was obtained through material misrepresentations regarding the origin and ownership of the mask design mark that is the subject of the registration. Plaintiff's predecessor-in-interest admitted that the design was a replica of a prop from the movie Gladiator. By falsely claiming exclusive ownership of a design it did not create and does not own, Plaintiff committed fraud in the procurement of the registration, rendering it unenforceable against Temu.

## COUNTERCLAIMS

Counter-Claimant Whaleco, Inc., d/b/a Temu ("Temu"), by and through its undersigned attorneys, brings the following counterclaims against Counter-Defendant Gas Drawls LLC ("Counter-Defendant" or "Gas Drawls") and alleges as follows:

## THE PARTIES

1.     Temu is a Delaware corporation with a principal place of business at 31 St. James Avenue, Boston, Massachusetts 02116.

2.     Gas Drawls holds itself out as a Georgia limited liability company with a primary business address at 4290 Bells Ferry Road NW, #106-589, Kennesaw, Georgia, 30144.

## JURISDICTION AND VENUE

3.     These counterclaims arise under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the common law of the State of California.

4.     By virtue of Gas Drawls' suit against Temu for alleged infringement of its purported trademarks and related claims as set forth in the SAC, an actual, substantial, and continuing justiciable controversy exists between Temu and Gas Drawls with respect to which Temu requests a declaration of rights by this Court.

5.     The Court has original subject matter jurisdiction over these counterclaims pursuant to 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331, 1338, and 2201.

6.     Gas Drawls has submitted to the personal jurisdiction of this Court by filing its SAC.

7.     Venue is proper under 28 U.S.C. §§ 1391 and by Counter-Defendant's choice of forum.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

8.     Gas Drawls purports to own rights in U.S. Trademark Registration Nos. 7,273,384, 8,118,522, 7,238,800, 8,103,378, 7,245,449, 8,032,960, 6,797,454, 7,238,799, and 8,103,377 and U.S. Trademark Application Nos. 98415028, 99082478, and 90746811.

9.     However, Gas Drawls' rights in these marks are limited because of, at least, abandonment and/or no bona fide use in commerce.

-14-

10.    Furthermore, Gas Drawls alleges that Temu engaged in trademark infringement and unfair competition on the basis that Temu has sold allegedly infringing goods through its platform.

11.    Temu does not manufacture, sell, or otherwise control the manufacture and sale of the accused products at issue in this case.

12.    The accused products were available on the Temu marketplace, but third-party sellers were responsible for creating the contents of the listings for the products.

13.    Consistent with Temu's function as a marketplace, Temu did not make or sell any of the accused products.

14.    Temu connects end-customers with third-party sellers.

15.    Temu hosted the accused product listings of third-party sellers on its online sales platform, which does not constitute the "use in commerce" element of a direct infringement claim.

16.    Temu is a marketplace which acts as an intermediary between third-party sellers and customers and does not sufficiently engage with consumers or third-party sellers such that it could be found liable for acts of infringement and/or unfair competition.

## FIRST COUNTERCLAIM

### (Partial Cancellation of Gas Drawls' Trademark Registrations for Abandonment)

17.    Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

18.    Gas Drawls is the registered owner of U.S. Trademark Registration Nos. 7,273,384, 7,238,799, 7,238,800, 7,245,449, and 6,797,454 ("Gas Drawls' Trademark Registrations") and asserts these registrations against Temu in this matter.

-15-

19.    Gas Drawls obtained Registration No. 7,273,384 for the mark MF DOOM in connection with, *inter alia*, (i) bracelets, earrings, necklaces, rings and pierced earrings in International Class 14 and (ii) beanies, coats, jackets, pants, skull caps, socks, and sweat pants in International Class 25, and (iii) costume masks and novelty costume masks in International Class 28. The registration issued on January 16, 2024 and is based on an application filed in the United States Patent and Trademark Office ("PTO") on May 3, 2021, and was based on alleged use in commerce of the Class 14, Class 25, and Class 28 goods under 15 U.S.C. § 1051(a).

20.    Gas Drawls obtained Registration No. 7,238,799 for the mark DOOM in connection with, *inter alia*, (i) bracelets, earrings, necklaces, rings, rings being jewelry, and pierced earrings in International Class 14, and (ii) beanies, coats, jackets, and skull caps in International Class 25. The registration issued on December 12, 2023 and is based on an application filed in the PTO on May 10, 2021, and was based on alleged use in commerce of the Class 14 and Class 25 goods under 15 U.S.C. § 1051(a).

21.    Gas Drawls obtained Registration No. 7,238,800 for the mark ⟨ᴅᴏᴏᴍ⟩ in connection with, *inter alia*, (i) bracelets, earrings, necklaces, rings, rings being jewelry, and pierced earrings in International Class 14, and (ii) beanies, coats, jackets, and skull caps in International Class 25. The registration issued on December 12, 2023 and is based on an application filed in the PTO on May 10, 2021, and was based on alleged use in commerce of the Class 14 and Class 25 goods under 15 U.S.C. § 1051(a).

22.    Gas Drawls obtained Registration No. 7,245,449 for the mark GAS DRAWLS in connection with, *inter alia*, beanies, coats, jackets, and skull caps in International Class 25. The registration issued on December 19, 2023 and is based on an application filed in the PTO on June 1, 2021, and was based on alleged use

in commerce of the Class 25 goods under 15 U.S.C. § 1051(a).

23.    Gas Drawls obtained Registration No. 6,797,454 for the mark in connection with, *inter alia*, (i) bracelets, earrings, necklaces, and pierced earrings in International Class 14, and (ii) beanies, coats, jackets, and skull caps in International Class 25. The registration issued on July 19, 2022 and is based on an application filed in the PTO on May 4, 2021, and was based on alleged use in commerce of the Class 14 and 25 goods under 15 U.S.C. § 1051(a).

24.    Gas Drawls has partially abandoned the marks shown in Gas Drawls' Trademark Registrations with respect to the goods identified in Counterclaim paragraphs 19–23 by never using, or discontinuing use of said marks in the United States with no intent to initiate or resume said use. Therefore, Plaintiff's Trademark Registrations have been abandoned with respect to the goods identified in Counterclaim paragraphs 19–23.

25.    Temu will be damaged by the continued registration of these marks because Gas Drawls is attempting to enforce its alleged rights in these marks against Temu.

26.    Accordingly, Gas Drawls is not entitled to maintain registration of the marks in connection with the goods identified in Counterclaim paragraphs 19–23, and as such, Gas Drawls' Trademark Registrations should be partially cancelled by the Court as to the goods identified in Counterclaim paragraphs 19–23, as permitted by 15 U.S.C. § 1119.

## SECOND COUNTERCLAIM

### (Partial Cancellation of Gas Drawls' Trademark Registrations for No Bona Fide Use in Commerce)

27.    Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

28.    Despite filing the applications that led to Gas Drawls' Trademark Registrations under Section 1(a) of the Trademark Act, Gas Drawls had not made bona fide use in commerce of the applied-for marks with the goods in Counterclaim paragraphs 19–23 as of the filing dates of the underlying applications as required under the Trademark Act, 15 U.S.C. § 1051(a).

29.    Accordingly, the goods identified in Counterclaim paragraphs 19–23 should be stricken from Gas Drawls' Trademark Registrations because Gas Drawls had not used the marks in commerce in connection with those goods as of the filing dates of the applications for Gas Drawls' Trademark Registrations.

30.    Temu will be damaged by the continued registration of these marks because Gas Drawls is attempting to enforce its alleged rights in these marks against Temu.

31.    Accordingly, Gas Drawls is not entitled to maintain registration of the marks in connection with the goods identified in Counterclaim paragraphs 19–23, and as such, Gas Drawls' Trademark Registrations should be partially cancelled by the Court as to the goods in Counterclaim paragraphs 19–23, as permitted by 15 U.S.C. § 1119.

## THIRD COUNTERCLAIM

**(Declaratory Judgment of Invalidity of U.S. Trademark Application No. 98415028)**

32.    Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

33.    Gas Drawls filed U.S. Trademark Application No. 98415028 (the "'028 Application") on February 21, 2024 in connection with various goods in International Classes 9 and 25 under Section 1(a) of the Trademark Act.

34.    Gas Drawls, despite filing the '028 Application under Section 1(a) of the Trademark Act, had not used and was not using the mark in connection with at least the following applied-for goods in Class 25 at the time the '028

-18-

Application was filed: footwear; socks; sweatpants; sweaters; athletic footwear; athletic jackets; bomber jackets; and clothing jackets.

35.     Thus, Gas Drawls had not made a bona fide use in commerce of the goods identified in Counterclaim paragraph 35 as of the filing date of the '028 Application as required under the Trademark Act, 15 U.S.C. § 1051(a).

36.     Given that Gas Drawls asserts the '028 Application against Temu in this lawsuit, Temu will be harmed if the '028 Application is registered in full or in part.

37.     Accordingly, Gas Drawls is not entitled to registration of the '028 Application in connection with the goods identified in Counterclaim paragraph 35, and as such, the '028 Application should be partially stricken by the Court as to the goods in Counterclaim paragraph 35, as permitted by 15 U.S.C. § 1119.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of No Common Law Infringement – SAC First Claim for Relief)

38.     Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

39.     The First Claim for Relief in the SAC accuses Temu of common law trademark infringement.

40.     For at least the same reasons provided in Counterclaim paragraphs 11–16, Temu has not infringed any of Gas Drawls' marks, including under California common law.

41.     Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Temu requests a declaration by the Court that there has been no infringement by Temu of any of Gas Drawls' marks under California common law.

/ / /

/ / /

**FIFTH COUNTERCLAIM**

**(Declaratory Judgment of No Trademark Infringement under 15 U.S.C. § 1114 – SAC Second Claim for Relief)**

42. Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

43. The Second Claim for Relief in the SAC accuses Temu of trademark infringement under 15 U.S.C. § 1114.

44. For at least the same reasons provided in Counterclaim paragraphs 11–16, Temu has not infringed any of Gas Drawls' marks, including under 15 U.S.C. § 1114.

45. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Temu requests a declaration by the Court that there has been no infringement by Temu of any of Gas Drawls' marks under 15 U.S.C. § 1114.

**SIXTH COUNTERCLAIM**

**(Declaratory Judgment of No Unfair Competition under Section 43(a) of The Lanham Act, False Endorsement, 15 U.S.C. § 1125(a) – SAC Third Claim for Relief)**

46. Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

47. The Third Claim for Relief in the SAC accuses Temu of unfair competition and false endorsement under 15 U.S.C. § 1125(a).

48. Gas Drawls has not suffered economic injury sufficient to establish standing for a statutory unfair competition claim.

49. Furthermore, for at least the same reasons provided in Counterclaim paragraphs 11–16, Temu did not engage in any acts constituting unfair competition or false endorsement.

50.    Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Temu request a declaration by the Court that there has been no unfair competition or false endorsement by Temu under 15 U.S.C. § 1125(a).

## SEVENTH COUNTERCLAIM

**(Declaratory Judgment of No Unfair Competition under California Business and Professions Code §§ 17200, *et seq.* – SAC Fourth Claim for Relief)**

51.    Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

52.    The Fourth Claim for Relief in the SAC accuses Temu of unfair competition under California Business and Professions Code §§ 17200, *et seq.*

53.    For at least the same reasons provided in Counterclaim paragraphs 11–16, Temu did not engage in any acts constituting unfair competition.

54.    Accordingly, pursuant to Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Temu requests a declaration by the Court that there has been no unfair competition by Temu under California Business and Professions Code §§ 17200, *et seq.*

## EIGHTH COUNTERCLAIM

**(Declaratory Judgment of No Unfair Competition under California Common Law – SAC Fifth Claim for Relief)**

55.    Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

56.    The Fifth Claim for Relief in the SAC accuses Temu of unfair competition under California common law.

57.    For at least the same reasons provided in Counterclaim paragraphs 11–16, Temu did not engage in any acts constituting unfair competition.

/ / /

/ / /

58.     Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Temu requests a declaration by the Court that there has been no unfair competition by Temu under California Common Law.

## NINTH COUNTERCLAIM

**(Declaratory Judgment of No Inducement of Trademark Infringement and Counterfeiting – SAC Seventh Claim for Relief)**

59.     Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

60.     Third-party sellers are solely responsible for ensuring that their products meet safety and quality standards where they are sold and that they do not violate intellectual property rights.

61.     Temu never at any time undertook an affirmative act that encouraged or invited infringement.

62.     Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Temu requests a declaration by the Court that there has been no induced infringement by Temu of any of Gas Drawls' marks.

## TENTH COUNTERCLAIM

**(Declaratory Judgment of No Vicarious Trademark Infringement – SAC Eighth Claim for Relief)**

63.     Temu incorporates by reference and realleges all previous paragraphs as if fully set forth herein.

64.     Temu does not have any apparent or actual partnership with third-party sellers, have authority to bind one another in transactions with third-parties, or exercise joint ownership or control over the accused products.

65.     Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Temu requests a declaration by the Court that there has been no vicarious infringement by Temu of any of Gas Drawls' marks.

/ / /

## **TEMU'S DEMAND FOR JUDGMENT**

**WHEREFORE,** Temu prays as follows:

A.    That all claims against Temu be dismissed with prejudice and that all relief requested by Plaintiff be denied;

B.    Judgment be entered in Temu's favor on each cause of action in Temu's counterclaims;

C.    That Plaintiff and its agents, representatives, attorneys and other persons in active concert or participation with them who receive actual notice thereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against Temu with infringement of the Plaintiff's trademarks.

D.    A finding that this is an exceptional case and an award of reasonable attorneys' fees and costs, including pursuant to 15 U.S.C. § 1117.

E.    Such other and further relief as the Court may deem just and proper.


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR LLP


Dated: February 24, 2026        By: */s/ Hans L. Mayer*
                                            Hans L. Mayer
                                            Matthew S. Bellinger
                                            Nicholas A. Belair
                                            Melis Tirhi

                                            *Attorneys for Defendant,*
                                            Whaleco, Inc., d/b/a Temu

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38(b), Defendant and Counterclaimant Whaleco, Inc., d/b/a Temu, demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR LLP

Dated: February 24, 2026    By: */s/ Hans L. Mayer*
                                            Hans L. Mayer
                                            Matthew S. Bellinger
                                            Nicholas A. Belair
                                            Melis Tirhi

                                            *Attorneys for Defendant,*
                                            Whaleco, Inc., d/b/a Temu