Matthew S. Bellinger (SBN 222,228)
matt.bellinger@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Phone: (949) 760-0404

Hans L. Mayer (SBN 291,998)
hans.mayer@knobbe.com
Melis Tirhi (SBN 351,604)
melis.tirhi@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR LLP
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Phone: (310) 551-3450

*Attorneys for Defendant,*
Whaleco, Inc., d/b/a Temu

Nicholas A. Belair (SBN 295,380)
nick.belair@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR LLP
333 Bush St., 21st Fl.
San Francisco, CA 94104
Phone: (415) 217-8399

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

GAS DRAWLS, LLC,

　　　　　Plaintiff,

　　v.

WHALECO, INC., D/B/A TEMU;
and PDD HOLDINGS, INC.,

　　　　　Defendants.

Case No. 2:25−cv−07425-SB (BFMx)

**DEFENDANT WHALECO, INC., D/B/A TEMU'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Honorable Stanley Blumenfeld, Jr.

Hearing: May 1, 2026
Time: 8:30 a.m.
Courtroom: 6C, 6th Floor

Plaintiff Gas Drawls, LLC ("Drawls") asks the Court to take judicial notice of certain exhibits. Nearly all of the exhibits are identified as webpages. Drawls's request should be denied for multiple reasons.

**First**, for all exhibits, Drawls seeks notice of the truth of the information published, and not its mere existence. But courts routinely deny requests for judicial notice of the content of websites (*see* Exhibits M–AG, AJ, AK, AM–BB, BL–BR), whether a party's website or a third-party site. *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1028, 1030 (C.D. Cal. 2015); *Children's Miracle Network v. Miracles for Kids, Inc.*, 2018 WL 8243998, at *3 (C.D. Cal. Dec. 6, 2018). Likewise, for press releases or news articles (*see* Exhibits AI, AL), "to the extent the court can take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Gerritsen,* 112 F. Supp. 3d at 1029 (*quoting Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)). Drawls seeks judicial notice of the truth of the cited exhibits' contents, and not just "what was in the public realm." *Von Saher,* 592 F.3d at 960. Accordingly, its request must be denied.

**Second**, many of the exhibits do not include sufficient information to establish their source or availability. Accordingly, Drawls cannot establish that such exhibits are "generally known," "readily determined," or from "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)(2). These include Exhibits M, X, AN and AX, alleged websites without any website information, Exhibits AK, AP, AZ, BB, and BL, which lack a website address, Exhibit AI, a document without source identifying information, and Exhibit S, a personal email that can only be accessed by the user. Finally, Drawls alleges Exhibits AO, AQ, AR, and AY are search results. These exhibits lack sufficient identifying information and are also presented solely for "the facts within the searches," which are not subject to judicial notice. *See Thimes Sols., Inc. v. TP*

*Link USA Corp.*, No. 219CV10374SBEX, 2021 WL 969209, at *3 (C.D. Cal. Feb. 17, 2021), aff'd, 2022 WL 1125628, No. 21-55407 (9th Cir. Apr. 15, 2022) (Blumenfeld, J.) (denying judicial notice of product search on Amazon website).

**Third**, while the existence of prior court filings (Exhibits BC, BI, BJ, BK) may be subject to judicial notice, the court "may not accept as true the facts found or alleged." *Dale v. Wells Fargo Bank, N.A.*, No. SACV 22-832 JVS (JDEX), 2022 WL 3575418, at *2 (C.D. Cal. July 5, 2022); *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829–30 (5th Cir. 1998) (court cannot take judicial notice of factual findings). Likewise, the facts underlying press releases (Exhibits BJ, BK) are not subject to judicial notice because "the accuracy of information in newspaper articles and press releases cannot be readily determined and/or can be reasonably questioned." *Gerritsen*, 112 F. Supp. at 1011.

Drawls's authority is not to the contrary. *Matthews v. Nat'l Football Council*, 688 F.3d 1107, 1113 & n.5 (9th Cir. 2012), *Barnes v. Marriott Hotel Servs., Inc.*, 2017 WL 635474, at *4 (N.D. Cal. Feb. 16, 2017), and *Berke v. Whole Foods Mkt., Inc.*, 2020 WL 5802370, at *5 n.1 (C.D. Cal. Sept. 18, 2020) involved undisputed requests for notice of a verifiable website. In *Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005), the court took judicial notice of a website to provide context for a party's admissions, which is not the situation here. *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 (C.D. Cal. 2017) involved "the internet archive 'Wayback Machine,'" a specific archival website that courts have endorsed. Unlike *Roach v. Option One Mortg. Corp.*, 598 F. Supp. 2d 741, 747 (E.D. Va. 2009), there are no relevant "party admissions" in the cited court documents. And *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) confirms that while judicial notice of the existence of another litigation or a press release might be acceptable, notice of "the truth of the matters asserted" is not.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR LLP

Dated: April 3, 2026          By: */s/ Hans L. Mayer*
                                    Hans L. Mayer
                                    Matthew S. Bellinger
                                    Nicholas A. Belair
                                    Melis Tirhi

*Attorneys for Defendant,*
Whaleco, Inc., d/b/a Temu

-3-